THE STATE OF INDIANA ON THE RELATION OF WAYNE A. STANTON, ADMINISTRATOR, STATE DEPARTMENT OF PUBLIC WELFARE *v.* THE SUPERIOR COURT OF LAKE COUNTY AND THE HONORABLE ROBERT G. BERGER, JUDGE PRO TEMPORE THEREOF.

[No. 676S195. Filed September 30, 1976.]

*Theodore L. Sendak,* Attorney General, *Robert B. Wente,* Deputy Attorney General, for relator.

*C. Jerome Smith,* of Hammond, for respondent.

PRENTICE, J.—This matter is before us upon the return of the Respondent to the temporary writ of mandate and prohibition issued herein on June 29, 1976. Said writ directed: (1) the Respondent to vacate the order of May 24 and May 26, (2) to refrain from exercising further jurisdiction with respect to the grant or denial of welfare benefits, and (3) to show cause on or before July 14, 1976, why said writ should not be made permanent, all relative to that cause of action pending in the Respondent Court as Cause No. 576-260 and entitled In Re: The Dissolution of Marriage of Kurt Benninghoff and Karen Benninghoff.

The temporary writ was issued upon the petition of the Relator, Administrator, State Department of Public Welfare, following the sua sponte joinder by the Respondent of the Relator and its administrator for Lake County, the County Department of Public Welfare of Lake County as additional parties to the marriage dissolution proceedings and the restraining of them, until the further order of Respondent, from denying Karen Benninghoff any benefit to which she would be entitled were she not married.

During a hearing in the dissolution proceedings, it was revealed to the Respondent that the petitioner's purpose in seeking the dissolution was to entitle his invalid wife to benefits under the medical welfare program (Medicaid) administered by the Relator, benefits for which she could not qualify while the marriage continued, and that but for such benefits, the petitioner would not have petitioned for the dissolution.

The single issue with which we are here concerned is whether or not the Respondent obtained jurisdiction over the Relator and may, in the dissolution proceedings, determine the validity of state and federal regulations governing the payment of benefits under the Medicaid program. We hold that he did not and that the writ should be made permanent.

The Respondent cites Ind. R. Tr. P. 19 (A) (2) as authority for his joinder of the Relator and the exercise of jurisdiction over it. That rule is as follows:

"A person who is subject to service of process shall be joined as a party if

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(a) as a practical matter impair or impede his ability to protect that interest or

(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant."

Notwithstanding that the Relator might, but for its regulations, make financial contributions that would alleviate the problem which the Petitioner asserts is the cause of an irretrievable breakdown, it claims no interest in the marriage or its dissolution that could be litigated therein. Marriage dissolution proceedings are governed by Ind. Code §§ 31-1-11.5-1 thru 30-1-11.5-24. The act contemplates that the parties thereto are the parties to the marriage. The issues to be litigated are the grounds, child custody and support, the disposition of the property of the parties and, pending litigation, the matters necessary to an orderly determination of those issues. That the Relator may or may not pay benefits to the parties is not such an interest in the action as would entitle it to become a party thereto, voluntarily or involuntarily. Rather, its interest, if any is more of "a passing or casual concern," rather than "a right or interest capable of measurement and of such definitude as to possess the substance of judicial enforcement." *Denzinger* v. *Executive Board of the "Charlie B. Wells Memorial,"* (1961) 131 Ind. App. 674, 681, 174 N.E.2d 588, 592.

It is clear that the Relator claims no interest in the dissolution proceedings and could claim none which would entitle

it to intervene and litigate in the proceedings. Neither the rules of trial procedure nor the dissolution of marriage statutes are so broad as to require third parties to be dragged into marriage dissolution proceedings by their heels and there compelled to litigate issues that are but tangential to that cause of action.

We hold that the Relator is not subject to the jurisdiction of the Respondent Court in the aforesaid marriage dissolution proceedings, that said proceedings should be dismissed as to it and as to the Lake County Department of Public Welfare and that the Respondent is, therefore, without authority to proceed further therein against them. The temporary writ of mandate and prohibition hereinbefore issued on June 29, 1976, is, accordingly, hereby made permanent.

Givan, C.J. and Arterburn and Hunter, JJ., concur.; De-Bruler, J., dissents.

NOTE.—Reported at 355 N.E.2d 406.