**Daniel R. OLIVE, Appellant–Petitioner,**

v.

**Sandra K. OLIVE, Appellee–Respondent.**

No. 15A01–9501–CV–13.

Court of Appeals of Indiana.

May 31, 1995.

Steven M. Bush, Valparaiso, for appellant.

Joseph W. Votaw, III, Lawrenceburg, for appellee.

**OPINION**

BAKER, Judge.

Appellant-petitioner Daniel R. Olive contends that the trial court erred in not ordering appellee-respondent Sandra K. Olive to provide an accounting of future child support expenditures.

## FACTS

Following the parties' divorce in September 1988, Sandra was awarded custody of their two children, Brian and Kelsey. Daniel was ordered to pay child support in the amount of $535.00 per week. After several modifications of the support order, on July 10, 1992, the trial court adjusted the child support amount to $349.20 per week. Subsequently, on April 8, 1994, Daniel filed another petition to modify support in which he alleged that Sandra had diverted child support funds for her personal use and requested that the court order her to provide an accounting of future child support expenditures. At the time of the proceeding, Brian was eighteen years of age and Kelsey was twelve years of age.

A hearing was held on July 8, 1994, at which Daniel testified that he did not believe that Sandra had used all of the child support funds for the benefit of the children. Specifically, Daniel testified that Sandra's total annual household income was approximately $24,000, yet Sandra was able to afford a two week vacation in Hawaii in 1993. Further, Daniel alleged that Sandra was not using the child support money to pay for the housing expenses of the children because she had purchased the home in which they live with proceeds from the divorce settlement and thus, she has no mortgage payments. In addition, Sandra had approximately two thousand dollars in a savings account but she could not identify the source of that money.

Although Sandra confirmed that she had taken a trip to Hawaii, she denied that it was paid for with any child support funds. She stated that it was a business trip paid for by her husband's employer, except that she paid for her own airfare. Moreover, she stated that the child support money is deposited directly into a checking account, which she uses to pay for expenses such as food, transportation, clothing, and utilities, rather than into her savings account. She also testified that she purchased a used car for Brian and that she has bought him band equipment. After hearing each party's testimony, the trial court declined to order an accounting and noted the practical difficulty of accounting for overhead.

## DISCUSSION AND DECISION

■ Initially, we note that Sandra did not file an appellee's brief. Thus, it is within our discretion to reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Phegley v. Phegley* (1994), Ind.App., 629 N.E.2d 280, 282. This rule is intended to relieve the court of the burden of controverting the arguments advanced for a reversal where such a burden rests with the appellee. *Id.*

Daniel contends that the trial court erred in denying his request that the court order Sandra to provide an accounting of future child support expenditures pursuant to IND. CODE § 31–1–11.5–13(e).[1] I.C. 31–1–11.5–13(e) provides:

> At the time of entering an order for support, or at any time thereafter, the court may make an order, upon a proper showing of necessity requiring the spouse or other person receiving support payments to render an accounting to the court of future expenditures upon such terms and conditions as the court shall decree.

■ In enacting this statute, the legislature has recognized that in some child support cases, an accounting may be appropriate. Clearly, the statute does not require the trial court to order an accounting. Rather, the statute authorizes the trial court to issue such an order in its discretion upon a showing of necessity. Ind.Child Support Guideline 6. Thus, absent an abuse of discretion, we will not disturb a trial court's decision regarding whether or not to order a custodial parent to render an accounting.

Further, we agree with the trial court that requiring custodial parents to account for child support expenditures may present practical difficulties. We recognize that although a custodial parent may be able to account for direct costs, such as clothing and school expenses, it may be extremely difficult to accurately account for indirect costs, such as housing, transportation, utilities, and food. Child Supp.G. 6. Thus, the authors of the

1. We commend appellant's counsel on his well- written and informative brief.

Child Support Guidelines do not recommend that an accounting be ordered as a matter of routine. Child Supp.G. 6.

 Here, the record reveals conflicting testimony regarding how Sandra was spending the child support money. Daniel alleges that Sandra has diverted the child support money for her personal use, including her trip to Hawaii. Sandra, on the other hand, denies that any child support funds were used to pay for her trip. Further, she testified that she uses the child support money to pay the household bills and to provide for other needs of the children. Since it was the trial court's duty to weigh the conflicting testimony, we cannot say that the trial court abused its discretion in deciding not to order Sandra to provide an accounting of future child support expenses.[2]

Judgment affirmed.

NAJAM, J., concurs:

KIRSCH, J., dissents with separate opinion.

2. Since we have determined that the trial court was not required to issue an order compelling Sandra to provide an accounting, we need not address the issue of what is the appropriate remedy where an accounting which is ordered reveals that a custodial parent is diverting support for personal use.

KIRSCH, Judge, dissenting.

I respectfully dissent. I agree that the decision as to whether to order an accounting from a custodial parent lies within the sound discretion of the trial court. I also agree that it is often difficult to account for the indirect expenses of child raising. Here, the amount of child support in relation to the total household income of the custodial parent presents at least the potential for the use of support funds for other purposes. This potential for misuse is coupled with an inability on the part of the custodial parent to explain the expenditures of significant portions of child support funds. To assure no misuse, I would reverse the trial court's decision and order an accounting by the custodial parent.