Daniel J. KOVENOCK, Appellant–
Petitioner,

v.

Renate MALLUS, Appellee–Respondent.

No. 79A04–9507–CV–264.

Court of Appeals of Indiana.

Jan. 31, 1996.

Transfer Denied June 4, 1996.

arguments regarding the admissibility of Hen-
nie's testimony.

Ann G. Davis, Holder Davis and Smith, Lafayette, for Appellant.

Linda Nearing, Truitt & Herr, Lafayette, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Daniel J. Kovenock ("Husband") appeals from the denial of his verified petition for accounting of expenditures. Husband brought this action against Renate Mallus, his former wife ("Wife"), and alleged misuse of child support payments. Husband also appeals the trial court's grant of Wife's objection to Husband's discovery request. Wife brings a cross-appeal from the denial of her request for attorney fees.

We affirm.

### ISSUES

The parties present three issues for our review which we restate as whether the trial court abused its discretion:

(1) when it denied Husband's verified petition for an accounting of expenditures.

(2) when it granted Wife's objection to Husband's motion for discovery.[1]

(3) when it denied Wife's request for attorney's fees.

## FACTS

The marriage of the parties was dissolved on April 13, 1992. Wife was awarded custody of the couple's two minor children. The court ordered Husband to pay support in the amount of $1,150.00 per month plus medical insurance and medical expenses not covered by insurance.

On July 12, 1994, Husband filed his verified petition for an accounting of expenditures and alleged that child support payments were not being used for the sole benefit of the minor children. On March 1, 1995, Husband served upon Wife's attorney his motion for discovery requesting information about expenditures made by Wife on behalf of the minor children and a statement of income and expenses for the year 1994 for any business in which Wife had an interest. Wife objected to the verified petition on the grounds that it was vague and overly burdensome. She objected to the discovery request for business records as burdensome, irrelevant and overbroad. A hearing was held on March 24, 1995. After Husband testified, Wife moved for judgment on the evidence. The court granted the motion, which effectively denied Husband's petition for an accounting of expenditures. The court granted Wife's objection to Husband's discovery request and denied Wife's request for attorney's fees. This appeal ensued.

1. Although Husband appeals from the denial of his discovery motion, he did not include a copy of the motion in the record. We have relied on Wife's objection and the record of the hearing in considering this issue.

2. I.C. § 31–1–11.5–13(e) was re-lettered as 31–1–11.5–13(f) in Public Law 46–1995, effective May 8, 1995. Public Law 133–1995, effective October 1, 1995, retained the 31–1–11.5–13(e) designation.

## DISCUSSION AND DECISION

### Issue One: Verified Petition for Accounting

Husband contends that the trial court abused its discretion when it failed to order an accounting. We disagree.

Indiana Code § 31–1–11.5–13(e) [2] provides:

At the time of entering an order for support or at any time thereafter the court may make an order, upon a proper showing of necessity, requiring the spouse or other person receiving support payments to render an accounting to the court of future expenditures upon such terms and conditions as the court shall decree.

This statute does not compel the trial court to issue an order for an accounting. Instead, upon an appropriate showing of necessity, it authorizes the court in its discretion to order an accounting to the court subject to such terms and conditions as the court may require.[3] *See Olive v. Olive* (1995), Ind.App., 650 N.E.2d 766, 767.

Absent an abuse of discretion, we will not disturb the trial court's decision whether to order an accounting. *Id.* An abuse of discretion occurs when the trial court's ruling is clearly against the logic and effect of the facts and circumstances in evidence or the inferences reasonably drawn therefrom. *Jenkins v. Jenkins* (1991), Ind. App., 567 N.E.2d 136, 140. A reviewing court does not weigh the evidence but considers the evidence in a light most favorable to the judgment. *Berger v. Berger* (1995), Ind. App., 648 N.E.2d 378, 382.

Husband testified that he was concerned that child support payments were being used to subsidize a business and the living expenses of Wife and her present spouse. In

3. The Commentary accompanying Indiana Child Support Guideline 6 also addresses the custodial parent's accountability for support received:

It is recommended that an accounting be ordered upon a showing of reasonable cause to believe that child support is not being used for the support of the child.

particular, Husband alleged that Wife and her present spouse have traveled to Europe, where Wife's family apparently resides, and have purchased two vehicles since the dissolution, although they reported a total household income of between $18,000.00 and $19,000.00 in 1993. Husband did not contend that the basic needs of the children were being ignored, but he maintained that one child was not provided with swimming lessons and that both children were sometimes dressed in "shabby" clothes.

The facts of this case are similar to those found in *Olive* where the non-custodial parent sought an accounting based on allegations that the custodial parent was not using child support payments for the children. *Olive*, 650 N.E.2d at 767. The non-custodial parent testified that the custodial parent's total annual household income was approximately $24,000.00, yet she was able to afford a two week vacation in Hawaii. *Id.* The trial court declined to order an accounting. *Id.* This court concluded that there was no abuse of discretion and upheld the trial court's decision. *Id.* at 768.

■ Here, the trial court found that the basic needs of the children were being met. After Husband had rested, the court concluded that there was no evidence of "serious" impropriety, such as the misappropriation or dissipation of support payments. We agree with the court that where, as here, the children's basic needs are met, some disagreement between the parties concerning whether adequate resources are being devoted to the children's particular "wants" as distinct from their actual needs is insufficient, by itself, to support a showing of necessity for an accounting.

The trial court also found no evidence that "more [money] should be spent" on the children and, thus, addressed Husband's claim that the children were not enjoying the standard of living that they would have enjoyed had the marriage not been dissolved. This factor must be considered in the determination of child support. *See* IND.CODE § 31-1-11.5-12; *see also Stultz v. Stultz* (1995), Ind., 659 N.E.2d 125, 128. However, as a

practical matter, even where support is adequate and properly utilized, there is no assurance that children living with one parent will enjoy the same economic status they would have enjoyed if they were living with both parents. It is usually more expensive to maintain two households than it is to maintain one.

The trial court noted that an accounting is a "pretty severe" undertaking. The court also addressed the practical difficulties encountered in the allocation of costs attributable to items such as food, utilities, and mortgage payments along with the burden of keeping a record of all expenditures. These observations comport with the Commentary accompanying Indiana Child Support Guideline 6 in which the Committee[4] does not recommend that an accounting be routinely used in support orders. The Commentary states:

> A custodial parent may be able to account for direct costs (clothing, school expenses, music lesson, etc.) but it should be remembered that it is extremely difficult to compile indirect costs (a share of housing, transportation, utilities, food, etc.) with any degree of accuracy.

*See also Olive*, 650 N.E.2d at 767–68.

■ It was the trial court's duty to weigh the evidence in order to determine the necessity for an accounting. We must refrain from substituting our judgment for that of the trial court. The court's ruling is not clearly against the logic and effect of the facts in evidence or the inferences therefrom. We cannot say that the trial court abused its discretion when it denied Husband's verified petition for an accounting.

### Issue Two: Motion for Discovery

In a related argument, Husband asserts that he did not receive the benefit of the discovery rules. He contends that the court abused its discretion when he was denied access to evidence in support of his motion for an accounting. We do not agree.

---

4. The Judicial Administration Committee of the Judicial Conference of Indiana developed the

Child Support Guidelines which were adopted by the Indiana Supreme Court.

A trial court is vested with broad discretion in ruling on discovery issues. *Corll v. Edward D. Jones & Co.* (1995), Ind. App., 646 N.E.2d 721, 723. We will interfere only if the trial court has abused its discretion by reaching a conclusion against the logic and natural inferences to be drawn from the facts of the case. *Mulder v. Vankersen* (1994), Ind.App., 637 N.E.2d 1335, 1337, *trans. denied.*

In this action we are asked to consider the interplay between a petition for an accounting[5] and a discovery request, a matter not addressed in *Olive.* An accounting to the court may be ordered "upon a proper showing of necessity." IND.CODE § 31–1–11.5–13(e). The moving party has the burden of demonstrating the necessity for an accounting, and recourse to discovery may be required in order to meet that burden because the evidence upon which the claim rests is usually in the possession of the custodial parent. Indiana Code § 31–1–11.5–4(e) states that proceedings arising under Chapter 11.5 must comply with the Indiana Rules of Civil [sic] Procedure.

Indiana Trial Rule 26 directs that "any matter, not privileged, which is relevant to the subject-matter involved in the pending action" is discoverable. The scope of discovery includes not only admissible evidence but also information that "appears reasonably calculated to lead to the discovery of admissible evidence." Ind.Trial Rule 26(B). This discovery right is designed to be self-executing with little, if any, supervision by the trial court. *Lucas v. Dorsey Corp.* (1993), Ind. App., 609 N.E.2d 1191, 1196, *trans. denied.* However, discovery, "like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451, 460 (1947).

The scope of permissible discovery where the objective is to establish the necessity for an accounting must be determined on a case-by-case basis. The test is whether the requested information appears reasonably calculated to lead to the discovery of admissible evidence. Whether or not a request for information concerning past expenditures meets that test is left to the trial court's sound discretion which we will reverse only for abuse. This conclusion is consistent with our state's strong emphasis on trial court discretion in matters of child support. *See Stultz,* 659 N.E.2d at 128. One factor to be considered by the court in the exercise of its discretion is that Indiana Code § 31–1–11.5–13(e) only permits an accounting of "future expenditures." The Commentary accompanying Child Support Guideline 6 elaborates: "This provision is prospective in application . . . An accounting may not be ordered as to support payments previously paid." Thus, a discovery request that is equivalent to a demand for an accounting of past expenditures, or that is otherwise overbroad, may well be subject to an objection and to close scrutiny by the trial court.

We are mindful that the discovery process can be used as a sword against an ex-spouse with whom there is sometimes a high degree of animosity and that, in any event, discovery can be an intrusion into the life of the custodial parent. When discovery is sought to substantiate the need for an accounting of future expenditures, and the party receiving support payments objects, before discovery is ordered the court may require the moving party to show reasonable cause to believe that child support is not being used for the benefit of the child and, hence, that the discovery request is relevant to that issue. In making that determination, the trial court should consider that support is used not only for the individual needs of a child but also to maintain the household in which the child resides.

Here, Husband requested a list of all expenditures made on behalf of the minor children by Wife during 1994 and a detailed income and expense statement from any business in which Wife had an interest. Having heard the grounds alleged by Hus-

---

**5.** "Accounting" is not defined in the statute. We conclude that an accounting in the context of Indiana Code § 31–1–11.5–13(e) is a statement of child support payments received over a specific period of time and disbursements made from or attributable to those payments, all subject to terms and conditions ordered by the court.

band why an accounting should be ordered, the trial court determined, in effect, that there was no reasonable cause to believe that child support was not being used for the benefit of the children. *See* Commentary accompanying Child Support Guideline 6. Thus, the court acted within its discretion when it granted Wife's objection to Husband's discovery request.

### Issue Three: Attorney's Fees

Wife brings a cross-appeal and asserts that, in light of the disparate financial position of the parties, the trial court abused its discretion when it denied her request for attorney's fees. Again, we disagree.

The trial court's decision to grant or to deny attorneys' fees will not be disturbed absent an abuse of discretion. *Jenkins,* 567 N.E.2d at 140. Indiana follows the American rule which requires the parties to pay their own attorneys' fees absent an agreement, statute, or rule to the contrary. *Johnson v. Sprague* (1993), Ind.App., 614 N.E.2d 585, 590. Awards of attorneys' fees in dissolution of marriage actions are authorized by Indiana Code § 31–1–11.5–16.[6] Case law has added a requirement that the trial judge "must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such other factors as bear on the reasonableness of the award." *Jenkins,* 567 N.E.2d at 140 (quoting *Planert v. Planert* (1985), Ind.App., 478 N.E.2d 1251, 1254). The trial court's decision to grant or to deny attorneys' fees will not be disturbed absent an abuse of discretion. *Id.*

Although Husband introduced evidence that Wife's household income for 1993 amounted to less than $19,000, Wife produced no documentation regarding her other resources, her economic condition or her earning capacity. A disparity in Husband's annual income and Wife's household annual income alone is insufficient to compel a trial court to grant attorney's fees. The trial court did not abuse its discretion when it failed to order payment of Wife's attorney's fees based on the disparity in the income of the parties.

Wife also bases her right to attorney's fees on Indiana Code § 34–1–32–1.[7] Specifically, Wife alleges that Husband brought the petition for accounting in bad faith to harass Wife and to "micro-manage" her expenditures. Bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Figg v. Bryan Rental, Inc.* (1995), Ind.App., 646 N.E.2d 69, 76 (quoting *Young v. Williamson* (1986), Ind.App., 497 N.E.2d 612, 617), *trans. denied.* The trial court found that the present case was neither frivolous nor brought with malice or in bad faith. These findings are not against the logic or effect of the facts in evidence. The trial court did not abuse its discretion.

Affirmed.

BAKER and RUCKER, JJ., concur.

---

6. The statute reads in pertinent part:
   The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorneys' fees.... IND.CODE § 31–1–11.5–16.

7. Indiana Code § 34–1–32–1(b) provides:
   In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:

(1) brought the action ... that is frivolous, unreasonable, or groundless;
(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
(3) litigated the action in bad faith.