Candy S. GAW, Appellee–Petitioner,

v.

Gregg W. GAW, Appellee–Respondent.

Sterling United Federal Credit
Union, Appellant–Third
Party Defendant.

No. 87A05–0403–CV–147.

Court of Appeals of Indiana.

Feb. 8, 2005.

Sheila Corcoran, Evansville, IN, Attorney for Greg W. Gaw.

S. Anthony Long, Long & Mathies Law Firm, P.C., Boonville, IN, Attorney for Candy S. Gaw.

Kathryn L. Kornblum, Erin L. Berger, VanStone & Kornblum, Evansville, IN, Attorneys For Appellant.

## OPINION

MATHIAS, Judge.

Sterling United Federal Credit Union ("Sterling") appeals from the denial of its petition for attorney's fees in Warrick Su-perior Court Number Two. Sterling raises the following issues:

I. Whether the trial court abused its discretion when it joined Sterling to a dissolution proceeding, and then upon dismissing Sterling, when it failed to find the joinder wrongful; and,

II. Whether the trial court abused its discretion when it denied Sterling's petition for attorney's fees.

We conclude that the trial court abused its discretion when it joined Sterling to the dissolution proceeding. However, because the trial court dismissed Sterling from the proceeding, this issue is now moot. In addition, we conclude that the trial court did not abuse its discretion when it denied Sterling's petition for attorney's fees. Therefore, we affirm.

### Facts and Procedural History

Candy Gaw ("Candy") filed a petition for dissolution of her marriage to Gregg Gaw ("Gregg") in Warrick Superior Court Number 2 on April 18, 2002. During their marriage, the couple took out several loans at Sterling, including a joint second mortgage on their home, a joint loan on a 1999 Ford Expedition, and a loan on another vehicle in Gregg's name only. By April 2003, the couple had fallen behind on payments on both the Ford Expedition loan and the second mortgage.

During the pendency of the dissolution proceeding, Candy continued to make payments on the couple's joint loan on the Ford Expedition and on their second mortgage. Although Sterling had a general policy of tying an individual's loans together (meaning that if one loan became delinquent, all of that individual's loans could be called due), Sterling permitted Gregg to apply payments just to the vehicle loan in his name. In July 2003, Candy made three payments via Sterling's night deposit

box, one of which was credited to an account other than the account she specified. Candy did not immediately learn of this because Sterling mailed the receipts for these transactions to Gregg and not to her.

On August 15, 2003, Candy made a payment in person which was incorrectly applied to Gregg's vehicle loan. Candy noticed that the account number listed on her receipt was incorrect and brought the mistake to the teller's attention. The payment was then immediately credited to the proper account. Candy made several more payments, but as of October 23, 2003, both the Ford Expedition loan and second mortgage were in default.

On October 28, 2003, Candy filed a motion to join Sterling as a party to the marriage dissolution proceeding, alleging that she had "been [o]rdered to pay the car payments and the second mortgage payments on the accounts due at Sterling" and that she had been "making every effort to make said payment but that the payments she makes are being applied by [Sterling] to accounts other than the ones that she has been [o]rdered to pay by this [c]ourt." Appellant's App. p. 13. Two days later, without conducting a hearing on the matter, the trial court issued an order joining Sterling as a party to the Gaws' dissolution proceeding. On December 5, 2003, Sterling filed an objection to Candy's motion to join.

On December 31, 2003, Sterling's collections manager Beatrice Glaser ("Glaser") was served at her home with a subpoena duces tecum for a hearing on January 5, 2004. Thereafter, on January 5, 2004, Sterling filed a series of motions, including a motion to quash the subpoena duces tecum, a motion to dismiss, a motion for summary judgment, and a motion to correct error and to reconsider joinder. Sterling included with these motions requests for attorney's fees. On February 10, 2004,

the trial court conducted a hearing on the motions and dismissed Sterling as a party, but declined to find that the joinder had been wrongful. The trial court then denied Sterling's petition for attorney's fees. Sterling now appeals.

## Standard of Review

 The determination of whether joinder should be granted rests within the trial court's discretion. *McCoy v. Like*, 511 N.E.2d 501, 504 (Ind.Ct.App.1987), *trans. denied.* Therefore, we will reverse only for an abuse of discretion. *Id.* Likewise, a trial court's decision to grant or to deny attorney's fees will not be disturbed absent an abuse of discretion. *Dunson v. Dunson*, 769 N.E.2d 1120, 1127 (Ind.2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Brademas v. South Bend Cmty. Sch. Corp.*, 783 N.E.2d 745, 750 (Ind.Ct.App.2003), *trans. denied.*

## Discussion and Decision

### I. Joinder

 First, Sterling argues that the trial court abused its discretion when it joined Sterling as a party to the Gaws' dissolution proceeding. The trial court later dismissed Sterling, but found that the joinder had not been "wrongful at the time under the facts and circumstance of this case." Tr. p. 103. Thus, the issue of Sterling's joinder is now moot. However, we would be remiss if we failed to address the impropriety of joining a third-party creditor to a dissolution proceeding.

The Indiana Trial Rules permit joinder of parties under Trial Rules 19 and 20. Trial Rule 19 governs mandatory joinder and provides, in pertinent part:

A person who is subject to service of process shall be joined as a party in the action if:

(1) in his absence complete relief cannot be accorded among those already parties; or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(a) as a practical matter impair or impede his ability to protect that interest, or

(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

Ind. Trial Rule 19(A) (2004).

█ Here, there is no indication that Candy could not be afforded complete relief, that is, the dissolution of her marriage, without joining Sterling as a party. Nor did Sterling claim any interest in the Gaws' marriage or its dissolution. Moreover, Candy did not face a substantial risk of incurring double, multiple, or inconsistent obligations in the absence of Sterling's joinder. Thus, Sterling was not a necessary party and could not properly be joined as a party to the dissolution proceeding under Trial Rule 19.

█ Trial Rule 20 governs the permissive joinder of parties and provides in pertinent part:

All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Ind. Trial Rule 20(A)(2) (2004).

Importantly, Candy asserted no right to relief against Sterling. After the trial court joined Sterling to the proceeding, Candy filed no complaint against Sterling. Rather, she only made requests for various loan documents and payment records.[1] Thus, Candy failed to establish even the first requisite for permissive joinder. *See McCoy*, 511 N.E.2d at 504. Therefore, Sterling could not properly be joined to the proceeding under Trial Rule 20.

As our supreme court has observed:

The [dissolution of marriage] act contemplates that the parties thereto are the parties to the marriage. The issues to be litigated are the grounds, child custody and support, the disposition of the property of the parties and, pending litigation, the matters necessary to an orderly determination of those issues.... Neither the rules of trial procedure nor the dissolution of marriage statutes are so broad as to require third parties to be dragged into marriage dissolution proceedings by their heels and there compelled to litigate issues that are but tangential to that cause of action.

*State ex rel. Stanton v. Super. Ct. of Lake County*, 265 Ind. 414, 416–17, 355 N.E.2d 406, 407–08 (1976).

Candy acknowledges that "it would not be common practice to join a financial institution in such an action," but claims "[in] this case, there was no other alternative." Br. of Appellee at 6. We strongly

---

1. The production of such documents can be, and often is, required of nonparties without joining them to the proceeding. *See* Ind. Trial Rule 34(C) (2004).

disagree. Candy also cites *In re Marriage of Dall*, 681 N.E.2d 718 (Ind.Ct.App.1997), in support of her argument that "[t]here is no question that the proper application of monies paid on marital indebtedness make that issue relevant to the disposition of the marital assets and therefore to the dissolution proceedings." Br. of Appellee at 11. However, the holding in *Dall* speaks only to the propriety of joining a nonparty to a divorce proceeding when a party claims that the marital estate includes an equitable interest in real property titled in that nonparty. *See Dall*, 681 N.E.2d at 723. The holding in *Dall* does not support the joinder of a third-party creditor like Sterling to a dissolution proceeding. Finally, we also note that the trial court granted Candy's motion to join Sterling two days after it was filed, without a hearing, and likely before Sterling had even received its notice by mail. Under these facts and circumstances, the trial court abused its discretion when it joined Sterling as a party to the Gaws' dissolution proceeding.

## II. Attorney's Fees

■ Next, Sterling maintains that the trial court abused its discretion when it denied Sterling's petition for attorney's fees. Indiana Code section 34–52–1–1 governs the award of attorney's fees for litigating in bad faith or for pursuing frivolous, unreasonable, or groundless actions. It provides in relevant part:

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Ind.Code § 34–52–1–1 (1999).

■ A claim is "frivolous" if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. *Commercial Coin Laundry Sys. v. Enneking*, 766 N.E.2d 433, 441 (Ind.Ct.App. 2002). A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the claim justified or worthy of litigation. *Id.* A claim is "groundless" if no facts exist which support the claim relied upon and supported by the losing party. *Id.*

■ Sterling claims that Candy's motion to join them was frivolous, unreasonable, and groundless. The trial court ultimately agreed that Sterling should be dismissed as a party. However, while ultimately unsuccessful, we cannot conclude that Candy's argument to join Sterling was completely unsupportable. In addition, Sterling argues that Candy filed the motion to join in bad faith for the purpose of harassment. Bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Kovenock v. Mallus*, 660 N.E.2d 638, 643 (Ind.Ct.App.1996), *trans. denied* (internal citations omitted). Sterling points to no evidence indicating that Candy's motion to join was motivated by any dishonest purpose. Candy and her attorney were clearly frustrated by Sterling's heavy-handed attitude. Although Candy's joinder of Sterling borders on being unreasonable and groundless, we cannot conclude that the trial court

abused its discretion when it denied Sterling attorney's fees.

### Conclusion

The trial court abused its discretion when it joined Sterling as a party to the Gaws' dissolution proceeding; however, the trial court's dismissal of Sterling renders this issue moot. The trial court did not abuse its discretion when it denied Sterling's petition for attorney's fees.

Affirmed.

DARDEN, J., and FRIEDLANDER, J., concur.