BURKHART *v.* WELLS ELECTRONICS CORP.

[No. 20,366. Filed April 22, 1966. Rehearing denied May 18, 1966. Transfer denied December 6, 1966.]

*Richard D. Doyle,* of South Bend, for appellants.

*Roland Obenchain, Jr.,* and *Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, for appellee.

BIERLY, J.—This appeal comes to us as the result of a judgment in favor of the Appellee (Defendant below) and against Appellant (Plaintiff below) following the sustaining of the Appellee's demurrer to Appellant's amended complaint for assault and battery and Appellant's refusal to plead over.

The sole issue for determination is whether the amended complaint alleges sufficient facts to constitute a cause of action, thus giving the appellant the right to maintain the action or whether appellant's remedy is exclusively within the provisions of the Workman's Compensation Act.

The substance of Appellant's amended complaint is as follows: Plaintiff was an hourly rated laborer employed by the defendant, Wells Electronics Corp. At the same time plaintiff was the union stewardess authorized to represent certain hourly-rated employees of the defendant, Wells Electronics Corp. The other defendant, Eugene Edison, was a supervisory employee of the defendant, Wells Electronics Corp. On several occasions prior to the date in question the defendant, Edison, in his supervisory capacity, had represented the interests of the defendant, Wells Electronics Corp., in controversies concerning employer-employee relationships with the plaintiff in her capacity as union stewardess. On the date in question, the defendant, Edison, "While acting as the servant of the defendant, Wells Electronics Corp., and in the line of his duty and within the scope of his employment as representative of defendant Wells Electronics Corp.," and growing out of controversy between defendant Edison as representative of defendant Wells Electronics Corp., as employer, and plaintiff Burkhart as authorized representative of her fellow employees, struck plaintiff Burkhart with great force, with resulting damage; and, as a result, plaintiff Burkhart lost wages in the amount of $1,500.00 dollars, that she suffered

great pain and anxiety and was rendered bedfast for ———— months; and, was deprived of privileges and enjoyment common to persons of her station to her damage in the sum of $20,000.00 dollars. Wherefore, plaintiff demanded judgment against the defendants for $21,500.00 dollars, and punitive damages against the defendant Wells Electronics Corporation.

The Appellee, Wells Electronics Corp., filed a demurrer to this amended complaint with memorandum attached which read:

### DEMURRER

"The defendant, Wells Electronics Corp., demurs to plaintiff's amended complaint filed November 20, 1964, and for grounds of demurrer alleges that said amended complaint fails to allege facts sufficient to constitute a cause of action against the demurring defendant."

### MEMORANDUM

"The facts alleged in the amended complaint clearly show that the plaintiffs remedy with respect to the demurring defendant is exclusively a claim for compensation under the Workmen's Compensation Act of the State of Indiana, Section 40-1206 Burns' Indiana Statutes Annotated."

Appellant assigns as error the sustaining of the demurrer of Appellee, Wells Electronics Corp., to her amended complaint.

The Statute in question reads as follows: "Rights and Remedies of Employee Under This Act Exclusive—The rights and remedies herein granted to an employee subject to this act [§§ 40-1201—40-1414, 40-1503—40-1704] on account of personal injuries or death by accident shall exclude all other rights and remedies of such employee, his personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death." Section 40-1206, Burns' 1952 Replacement.

Appellant urges that under the fact situation as alleged in the amended complaint the above statute has no applicability because the action involves an assault and battery by an employer, through its agent upon an employee. She cites as au-

thority for this proposition 99 C.J.S. 765, Workman's Compensation Section 226, where it states that "An intentional assault by an employer on an employee is not within the coverage of the compensation statutes." She also cites *Conway* vs. *Globin*, 233 P. 2d 612, 105 C.A. 2nd 495, in which case the reason for the rule is given as follows: "To hold otherwise would be to permit the employer to use the Workman's Compensation Act to shield him from his larger civil liability."

Appellant fails to point out that in 99 C.J.S. 765, *Supra*, the entire text of such sentence includes the following: "at least where the assault is for personal reasons not connected with the employment."

In the case at hand there is nothing in the amended complaint which alleges that the reason for the assault and battery arose out of purely personal reasons not connected with the employment. The amended complaint alleges to the contrary in that the defendant Edison, "while acting as the servant of the defendant Wells Electronics Corp. and *in the line of his duty and within the scope of his employment*, (emphasis added) as representative of defendant Wells Electronics Corp.," struck the plaintiff Burkhart, who was a representative of her fellow employees as well as an hourly-rated laborer, employed by the defendant Wells Electronics Corporation. These admissions in the amended complaint indicate that the alleged assault and battery arose out of the employment of the two individuals involved, and as such fall entirely within the provisions of our Workman's Compensation Statute. Section 40-1206, Burns' 1952 Replacement.

Appellants try to draw a distinction between an intentional tort and a negligent tort. The distinction for purposes of our Workman's Compensation Act is unnecessary. The distinction to be drawn is whether or not the tort or accident arose out of and in the course of employment. *Seaton v. United States Rubber Co.* (1945), 223 Ind. 404, 412, 61 N. E. 2d 177. And in determining this, the phrase ". . .

accident arising out of and in the course of employment should be liberally construed in harmony with the humane purposes of the Act." *Rauh & Sons Fertilizer Co.* v. *Adkins, et al.* (1956), 126 Ind. App. 251, 256, 129 N. E. 2d 358 (Transfer denied).

As to Appellant's objection that an application of our Workman's Compensation Act would shield the employer from his larger civil liability in this case we need only to look to *In re Bowers et al.* (1917), 65 Ind. App. 128, 132, 116 N. E. 842, where this court in speaking of the wisdom of the act said:

"Respecting cases wherein an employe may be compensated on account of injuries received, the act is broader and more inclusive than the common law; that is, there are many cases wherein under the act an employe may be awarded compensation on account of injuries received, when in an action at common law he would be denied relief. . . . The effect that the rights and remedies created in favor of an injured employe by the act, exclude all rights and remedies in his favor and against his employer at common law, it should be presumed from a consideration of the general spirit of the act and the sound economic policy upon which it is grounded that the legislature did not intend by the act to narrow the rights of an injured employee; but rather that the rights and remedies afforded by the act, while not circumscribed by such limits, should extend to all situations wherein, were there no workman's compensation act, an injured employee would have his remedy at common law for injuries received, and the act should be so construed where its language reasonably admits of such construction; the general purpose of the act being to substitute its provisions for pre-existing rights and remedies."

For the reasons above stated, the judgment of the trial court should be affirmed as to the Appellee, Wells Electronics Corporation.

Judgment affirmed.

Hunter, J., and Mote, J., concur.

Smith, P.J., concurs in result only.

NOTE.—Reported in 215 N. E. 2d 879.