Barry McLAUGHLIN, Appellant
(Plaintiff Below),

v.

AMERICAN OIL COMPANY, a Delaware
Corporation, and Joseph J. Claro, M.D.,
Appellees (Defendants Below).

No. 3–1278A321.

Court of Appeals of Indiana,
Third District.

July 17, 1979.

Rehearing Denied Aug. 20, 1979.

Terrence M. Rubino, Hammond, for appellant.

Lester F. Murphy, East Chicago, for appellees; Murphy, McAtee, Murphy & Constanza, East Chicago, of counsel.

HOFFMAN, Judge.

Barry McLaughlin brought this suit seeking damages against Dr. Joseph Claro, a company physician, for medical malpractice and against American Oil Company for in-

tentional tort. McLaughlin had suffered severe burns while working at American's Whiting, Indiana refinery, and he alleged that Claro's disregard of the seriousness of his injury was the result of American's attempt to maintain its plant safety statistics by influencing the medical treatment given to him.

The suit was originally filed in the Lake Superior Court, and appellees' first motion for summary judgment was overruled by that court. After a change of venue to the LaPorte Circuit Court, appellees filed their "Supplemental Motion for Summary Judgment" which was based on the same ground as the original motion: that McLaughlin's sole remedy was that provided by the Workmen's Compensation Act. The court initially denied the "Supplemental Motion;" but, after appellees' subsequent motion to reconsider, the court granted summary judgment in favor of both defendants.

McLaughlin now seeks reversal of the summary judgment on the following grounds:

(1) that the ruling of the Lake Superior Court on the Motion for Summary Judgment was, under the doctrine of "the law of the case," a bar to any subsequent inconsistent ruling on the same issues;

(2) that IC 1971, 22–3–2–13 (Burns Code Ed.), which limits the remedies of an employee injured by the acts of a fellow employee to those provided by the Workmen's Compensation Act, presents no barrier to a malpractice action against a company physician; and

(3) that, because his claim against American alleges injury caused by an intentional act, it is not one for which the Workmen's Compensation Act provides the exclusive remedy.

■ McLaughlin presents a two-pronged argument regarding the effect of the doctrine of the law of the case on the rulings made below. First, he argues that the ruling of the Lake Superior Court, the first court to address the summary judgment motion, was binding on the LaPorte

Circuit Court upon a change of venue. A similar argument was laid to rest in *State ex rel. Williams Coal Co. v. Duncan, Judge* (1937), 211 Ind. 203, at 207, 6 N.E.2d 342, at 343–344, wherein our Supreme Court specifically stated that the ruling of the first judge who exercises jurisdiction does not become the law of the case. Moreover, the court noted that the judge who later has jurisdiction is duty-bound to exercise his judicial discretion "as though the matter were presented for the first time." 211 Ind. 203, 6 N.E.2d at 344. As his second argument, McLaughlin asserts that once the LaPorte Circuit Court had initially denied the "Supplemental Motion for Summary Judgment", it was powerless to change that ruling. However, this Court has previously held that a trial court has inherent power to reconsider, vacate or modify any previous order, so long as the case has not proceeded to judgment, i. e., the case is still *in fieri. Indiana Suburban Sewers, Inc. v. Hanson* (1975), Ind.App., 334 N.E.2d 720, at 723; *Metro. Develp. Comm. et al. v. Newlon et al.* (1973), 156 Ind.App. 464, at 466, 297 N.E.2d 483, at 484. Consequently, the Circuit Court committed no error by ruling upon and then reconsidering its ruling on the supplemental motion.

■ In granting summary judgment for Dr. Claro, the court below specifically found, as a matter of law, that a full-time company physician is a fellow employee under the Workmen's Compensation Act and thus not legally liable for injuries caused by his acts. McLaughlin challenges that finding on public policy grounds, and his challenge must be sustained.

This Court has recently held that IC 1971, 22–3–2–13 (Burns Code Ed.) clothes a company physician with *no immunity* from suit for medical malpractice. *Ross v. Schubert* (1979), Ind.App., 388 N.E.2d 623. Consequently, the summary judgment in favor of Claro must be reversed and remanded for a trial on the merits.

■ Finally, McLaughlin claims that the summary judgment in favor of American was erroneous because the act which allegedly caused his injury was intentional,

not accidental, and therefore not within the purview of the Workmen's Compensation scheme. He maintains that the humane purposes of the Workmen's Compensation Act are not served when that Act is construed to bar an independent action against an employer who causes injury by willful or wanton misconduct.

In *Burkhart v. Wells Electronics* (1956), 139 Ind.App. 658, 215 N.E.2d 879, this Court held that the question to be answered in determining whether an independent suit is barred by the Workmen's Compensation Act is not whether the injury was the result of an accidental or intentional act, but whether or not it arose out of and in the course of employment. 215 N.E.2d at 881. In the instant case it is undisputed that the injury for which McLaughlin would hold American liable arose out of and in the course of employment. Recovery for that injury is therefore limited to the remedies provided by the Act, and the court below committed no error in granting summary judgment on that basis.

For the foregoing reasons the judgment below must be affirmed in part, reversed in part and remanded for a trial on the merits of McLaughlin's claim against Dr. Claro.

Affirmed in part, reversed in part and remanded with directions.

GARRARD, P. J., and STATON, J., concur.