**Ronnie PHEGLEY, Appellant–Defendant,**

v.

**Clarice PHEGLEY, Appellee–Plaintiff.**

**No. 77A01–9308–CV–263.**

Court of Appeals of Indiana, First District.

Feb. 28, 1994.

Rehearing Denied May 27, 1994.

James B. Organ, Trueblood Law Firm, Terre Haute, for appellant-defendant.

Robert E. Springer, Powell, Springer & Elmore, Sullivan, for appellee-plaintiff.

NAJAM, Judge.

## STATEMENT OF THE CASE

Clarice Phegley brought an action against Ronnie Phegley and alleged that Ronnie was indebted to her on an $80,000.00 loan from Clarice and her late husband. Ronnie contends that the money was not a loan and, alternatively, that even if the money were a loan, the applicable statute of limitations barred Clarice's cause of action. The trial court entered judgment in favor of Clarice, and Ronnie appeals.

We affirm.

## ISSUES

Ronnie presents two issues for our review which we restate as follows:

1. Whether the trial court erred in finding that a loan existed between Clarice and Ronnie.

2. Whether the trial court erred in failing to find that the statute of limitations barred Clarice's cause of action.

## FACTS

On April 29, 1983, Clarice issued a personal check payable to Ronnie for $80,000.00, drawn on Clarice's joint account with her late husband Earl. While Ronnie did not execute a promissory note and there was no written agreement to document the transaction, the check contained a notation in the memo section that the money was a "loan." Record at 87, Plaintiff's Exhibit 1. In addition, a check stub from Clarice's checkbook included the notation "will pay when can" and the purported signature of "Ronnie Phegley." Record at 103, Plaintiff's Exhibit 2.

Clarice filed her complaint on March 23, 1990, and alleged that Ronnie refused to repay the loan. Clarice requested that the trial court enter judgment in her favor in the amount of $80,000.00 plus costs. Ronnie responded that the money was not a loan but a gift and asserted as an affirmative defense that the statute of limitations had expired on Clarice's cause of action. A bench trial was held on January 29, 1993.

At trial, Clarice testified that she made the notations "loan" and "will pay when can" in Ronnie's presence on the day she gave him the check, and that Ronnie signed the check stub. Ronnie denied signing it and testified that he believed the $80,000.00 was not a loan but a gift. Clarice acknowledged that she and Earl had given Ronnie a cash gift of $21,000.00 on a previous occasion but that she had always expected Ronnie to repay the money at issue here. Clarice also testified that there was no agreement between the parties concerning a definite time for repayment but only an agreement that Ronnie would repay the money when he was able. However, Ronnie admitted that since 1983,

while he never made a payment of principal, he had been paying Clarice four percent interest.

On April 30, 1993, the trial court entered the following judgment in favor of Clarice:

"The Court having had this matter under advisement now finds that the Plaintiff loaned Defendant, Ronnie Phegley, the sum of $80,000.00 on April 29, 1983; that by the terms of the loan Defendant was to pay interest at the rate of 4% on the unpaid balance of said loan and that a reasonable time for repayment of such a personal, unsecured loan is ten (10) years. The Court further finds that said loan is now due and unpaid and finds that Plaintiff is entitled to judgment against the defendant, Ronnie Phegley, in the sum of $80,-000.00 plus past due interest in the amount of $1,113.75 plus costs of this action. Judgment accordingly."

Record at 82. Ronnie appeals. We will state additional facts where necessary.

## DISCUSSION AND DECISION

### Standard of Review

■ Initially, we note that Clarice chose not to file an appellee's brief. Where the appellee fails to file a brief on appeal it is within our discretion to reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Halliday v. Auburn Mobile Homes* (1987), Ind. App., 511 N.E.2d 1086, 1088. ·This rule is not for the benefit of the appellant. It was established for the protection of the court so that the court might be relieved of the burden of controverting the arguments advanced for a reversal where such a burden rests with the appellee. *Dusenberry v. Dusenberry* (1993), Ind.App., 625 N.E.2d 458, 460. Notwithstanding this favorable standard of review, Ronnie fails to show error.

### Issue One: Loan

■ Ronnie first contends that the trial court erred in finding that the money Clarice provided him was a loan. On appeal, Ronnie does not assert that the $80,000.00 was a gift; rather, he asserts it was not a loan because the notations on the check and checkbook do not constitute a promissory note. In addition, he contends there was no evidence of an oral agreement between the parties to support the trial court's determination. However, the trial court found that Clarice "loaned" Ronnie $80,000.00. Record at 82.

The check which Clarice issued Ronnie must represent either a loan or a gift. While we agree with Ronnie that Clarice's notations on the check and checkbook do not constitute a promissory note, we cannot conclude on these facts that Ronnie made no implied promise to pay. In addition to the notation of "loan" on the check and "will pay when can" on the checkbook, Ronnie had been paying four percent interest for ten years and Clarice testified that she had expected Ronnie to repay the money because it was not a gift. *See Cole v. Cole* (1988), Ind.App., 517 N.E.2d 1248, 1250 (where there is no express contract the right to recover may rest upon implied contract or implied promise to pay, which may be inferred from conduct, situation, or material relations of parties and enforced by law). From these facts the trial court could have inferred that the $80,000.00 check was a loan.

In essence, Ronnie asks us to reweigh the evidence in his favor. We must, of course, decline this invitation. On appeal, the trial court's judgment will be upheld if it is sustainable on any legal theory. *Wallace v. Rogier* (1979), 182 Ind.App. 303, 307, 395 N.E.2d 297, 300. We will neither reweigh the evidence nor determine the credibility of witnesses; rather, we will affirm if there exists substantial evidence of probative value to sustain the trial court's decision. *Id.* The trial court did not err in finding that Clarice made a loan to Ronnie.

### Issue Two: Statute of Limitations

■ Ronnie next contends that even if the check for $80,000.00 was a loan, the statute of limitations barred Clarice's cause of action. He asserts that because the language "will pay when can" does not establish a definite time for repayment, the loan was equivalent to a demand obligation and was payable immediately. Thus, Ronnie maintains that the limitations period began to run April 29, 1983, the day Clarice made the loan to Ronnie. Because Clarice did not file her com-

plaint against Ronnie until March 23, 1990, almost seven years after her cause of action would have accrued, Ronnie contends that the six year limitations period barred her action. We disagree.

■ As Ronnie asserts, the applicable statute of limitations period for contracts not in writing is six years. *See* IND.CODE § 34-1-2-1. The statute of limitations begins to run when a right of action arises, or when a person becomes liable for an action, even though the plaintiff may not learn of the actionable event until later. *Indiana Department of State Revenue, Inheritance Tax Div. v. Estate of Puett* (1982), Ind.App., 435 N.E.2d 298, 301, *trans. denied.* Ronnie argues that the six year limitations period began to run from the date of the loan and expired before Clarice filed her action. However, we must disagree on the basis of our holding in *Rees v. Heyser* (1980), Ind. App., 404 N.E.2d 1183.

In *Rees,* we addressed the question of "when the statute of limitations begins to run on an unwritten contract for the repayment of money absent any definite terms of repayment in the agreement." *Id.* at 1187. There, Heyser gave Rees a check for $15,-000.00 and the parties made no agreement concerning a definite time for repayment. More than six and one-half years after the transaction, Heyser brought an action against Rees to recover the $15,000.00. Like Ronnie, Rees contended that Heyser's action was barred by the six year limitations period for contracts not in writing and asserted that the rule applicable to written notes payable on demand should apply so that the statute of limitations begins to run at the date of the transaction.

However, in *Rees* we refused to apply the rule for demand obligations to an unwritten contract for the repayment of money. Instead, we concluded that "[u]nder the facts of this case, the repayment of the check given by Heyser to Rees was not a demand obligation. The demand obligation ran from Rees to the payor bank. The obligation of Rees back to Heyser was something less, and more indefinite." *Id.* Further, we noted the "uncertainty surrounding an unwritten contract for repayment," stating: "[W]hereas a written demand obligation evinces certain rights and duties on behalf of each party, an unwritten contract for repayment is often nebulous and dependant upon the goodwill of the parties." *Id.*

Thus, after noting a lack of Indiana case law on the question and examining the law of other jurisdictions, we held that "where there is an unwritten promise to pay and an indefinite time for repayment," the applicable statute of limitations does not begin to run until a "reasonable time for performance" has lapsed. *Id.* at 1188. Here, as in *Rees,* Clarice's loan to Ronnie was not payable on demand. Therefore, following *Rees,* we hold that the six year limitations period applicable to contracts not in writing did not begin to run on April 29, 1983, the date of Clarice's loan to Ronnie.

The question remains whether a "reasonable time for performance" had elapsed so as to commence the six year limitations period. Clarice gave Ronnie the check on April 29, 1983. The trial court found that "a reasonable time for repayment of such a personal, unsecured loan is ten (10) years," and that as of April 30, 1993, "the loan is now due and unpaid." Record at 82. The question of whether a reasonable time has passed is one to be determined by the trier of fact in light of all the circumstances disclosed by the evidence. *See Hamlin v. Steward* (1993), Ind.App., 622 N.E.2d 535, 540; *Rees,* 404 N.E.2d at 1188. We cannot say that, as a matter of law, 10 years was not a reasonable time for repayment of an $80,000.00 personal loan. Because the 10 year period had elapsed on April 29, 1993, the six year statute of limitations did not begin to run until after that date, Ronnie was in default and Clarice was entitled to a money judgment on the loan. Thus, Clarice's action was not barred by the statute of limitations. We conclude that the trial court did not err.

The judgment is affirmed.

BAKER and GARRARD, JJ., concur.