Terry W. HUBBARD, Appellant–
Petitioner,

v.

Linda J. HUBBARD, Appellee–
Respondent.

No. 49A02–9708–CV–550.

Court of Appeals of Indiana.

Jan. 29, 1998.

Paula J. Schaefer, Michael G. Ruppert, Ruppert & Schaefer, P.C., Indianapolis, for Appellant-Petitioner.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Terry W. Hubbard ("Father") appeals the trial court's findings, conclusions and order on his petitions to modify child custody and to modify child support and his former wife's, Linda Hubbard ("Mother"), petitions for contempt. Father presents several issues for our review, one of which we find dispositive: whether the trial court erred when it granted Mother's motion to reconsider and vacated its final judgment.

We reverse and remand with instructions.

---

1. Father did file a response and objection to Mother's motion on February 4, 1997; however, the trial court could not have considered Father's

## DISCUSSION AND DECISION

### Standard of Review

■ Initially, we note that Mother chose not to file an appellee's brief. Where the appellee fails to file a brief on appeal, it is within our discretion to reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Phegley v. Phegley*, 629 N.E.2d 280, 282 (Ind.Ct. App.1994), *trans. denied.* This rule is not for the benefit of the appellant. Rather, it was established for the protection of the court so that the court might be relieved of the burden of controverting the arguments advanced for reversal where such burden rests with the appellee. *Id.* We need not reach the merits of the instant case, as Father has made a prima facie showing of procedural error which we conclude requires reversal.

### Motion to Reconsider Final Judgment

Following two hearings and after taking the parties' various petitions under advisement, the trial court entered its findings, conclusions and final order on all petitions pending before the court on January 24, 1997. On January 30, 1997, Mother filed what was denominated as a "motion to reconsider." Without allowing Father to respond to Mother's motion, the trial court granted Mother's motion to reconsider on the same day it was filed, vacating its January 24, 1997, findings, conclusions and order.[1] Thereafter, on April 23, 1997, the trial court issued its new findings, conclusions and order. On appeal, Father alleges that the trial court erred when it granted Mother's motion to reconsider, vacated its January 24, 1997, order, and subsequently entered a new judgment. Specifically, Father contends that the trial court was without power to grant Mother's motion to reconsider following the entry of final judgment. In the alternative, Father maintains that even if Mother's motion is deemed a motion to correct error, the trial court committed procedural errors which require reversal. We agree with Father on both counts.

response as it had already granted Mother's motion.

Father points to our well-settled rule that a trial court has inherent power to reconsider, vacate or modify any previous order so long as the case has not proceeded to final judgment; that is to say the case is still *in fieri.*[2] *Haskell v. Peterson Pontiac GMC Trucks,* 609 N.E.2d 1160, 1163 (Ind.Ct. App.1993); *McLaughlin v. American Oil Co.,* 181 Ind.App. 356, 358, 391 N.E.2d 864, 865 (1979). Once a trial court acquires jurisdiction, it retains jurisdiction until it enters a final judgment in the case. *Chapin v. Hulse,* 599 N.E.2d 217, 219 (Ind.Ct.App.1992), *trans. denied.* A final judgment disposes of the subject matter of litigation as to the parties so far as the court in which the action is pending has the power to dispose of it. *Matter of J.L.V., Jr.,* 667 N.E.2d 186, 188 (Ind.Ct. App.1996).

We agree with Father that because this case had proceeded to final judgment prior to Mother's filing of her "motion to reconsider," Mother's motion cannot be considered a true motion to reconsider, as the court no longer had the power to rule on such a motion. Our review of the trial rules reveals that motions to reconsider are properly made and ruled upon prior to the entry of final judgment. *See* Ind.Trial Rule 53.4(A).[3] After final judgment has been entered, the issuing court retains such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule. *Chapin,* 599 N.E.2d at 219. One such rule is Trial Rule 59 which provides the court, on its own motion to correct error or that of any party, the ability to alter, amend, modify or even vacate its decision following the entry of final judgment. Accordingly, although substantially the same as a motion to reconsider, a motion requesting the court to revisit its final judgment must be considered a motion to correct error. We decline to favor form over substance and, despite its caption, Mother's motion in the instant case should have been treated as a motion to correct error.[4]

As such, Father should have been given notice and an opportunity to respond to Mother's motion to correct error prior to the trial court's ruling on the motion. Ind.Trial Rule 59(E). Because the trial court granted Mother's motion without following the procedural requirements of Trial Rule 59, we must conclude that the trial court abused its discretion when it granted Mother's motion, vacated its prior order and entered a new judgment.

We note that the trial court is given a similar and related power to revise or vacate its decisions pursuant to Indiana Trial Rule 52(B). *See* Ind.Trial Rule 59(J)(4). Trial Rule 52(B) provides that in a case tried without a jury, the court may, at any time before a motion to correct error is required to be made, or with or as part of a motion to correct error by any party, take additional testimony, amend or make new findings of fact and enter a new judgment, or any combination thereof. *See W & W Equipment Co., Inc. v. Mink,* 568 N.E.2d 564, 570 (Ind.Ct. App.1991), *trans. denied.* Thus, at least up to and including the ruling on a motion to correct error, the trial court is permitted to alter, amend or modify its judgment without limitation. *Indiana & Michigan Elec. Co. v. Harlan,* 504 N.E.2d 301, 308 (Ind.Ct.App. 1987), *trans. denied; see State ex rel. Jackson v. Owen Circuit Court,* 160 Ind.App. 685, 314 N.E.2d 73, 76 (trial court may change its record at any time until it rules on a motion to correct error).

---

2. We note that the lead case cited by Father in support of his argument is this court's opinion in *In re Marriage of Pond,* 676 N.E.2d 401 (Ind.Ct. App.1997), *trans. granted.* We admonish counsel that transfer was granted in *Pond* on July 17, 1997 (long before Father's brief was filed) and, thus, our opinion has been vacated and may not be cited as law. *See* Ind.Appellate Rule 11(B)(3).

3. Acknowledging the pre-judgment nature of a motion to reconsider, Trial Rule 53.4(A) reads as follows:

   (A) **Repetitive Motions and Motions to Reconsider Ruling on a Motion.** No hearing shall be required upon a repetitive motion or upon motions to reconsider orders or rulings upon a motion. Such a motion by any party or the court or such action to reconsider by the court shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion or proceedings under these rules.

4. Indeed, Mother's motion to reconsider contained an alternate request that in the event the trial court concluded that it could not reconsider its judgment, that the motion be treated as a motion to correct error.

However, Trial Rule 52(B) cannot justify the trial court's action in the instant case. First, we cannot say that the trial court utilized its power under the rule to alter or amend its findings and judgment "before" a motion to correct error was filed or ruled upon as such motion was indeed filed and granted. Moreover, the trial court did not take action "as part of" a motion to correct error because, as we have stated, the trial court did not adhere to the procedural requirements of Trial Rule 59. Ind.Trial Rule 52(B). Accordingly, Trial Rule 52(B) does not apply.

We conclude that Mother filed a motion to correct error following the trial court's entry of final judgment. Because the procedural requirements for Trial Rule 59 were not met, the trial court abused its discretion when it granted Mother's motion, vacated its prior judgment and entered a new judgment. Therefore, we vacate the trial court's judgment of April 23, 1997, and remand with instructions for the court to permit Father to respond to Mother's motion to correct error and then to conduct such further proceedings consistent with the Trial Rules as may be necessary.

Reversed and remanded.

RUCKER, J., concurs.

STATON, J., concurs in result with separate opinion.

STATON, Judge, concurring in result.

I concur in result for a somewhat different and more simplified reason than the Majority. The factual posture here is as follows:

1. Final judgment had been entered January 24, 1997.

2. Later, a pleading was filed January 30, 1997 by Mother which had to be considered a motion to correct error.

3. The trial court ruled on the motion to correct error the same day it was filed.

4. Ind. Trial Rule 59(E) provides that the Father had fifteen (15) days after service of the motion to respond.

5. Father had no time to respond before the ruling.

Therefore, the trial court abused its discretion when it failed to follow Ind. Trial Rule 59(E). It should have withheld its ruling until Father responded or the fifteen days had expired.