**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANTS PRO SE:

**CHRISTINE EVAN**
**GEORGE EVAN**
Valparaiso, Indiana

ATTORNEY FOR APPELLEE:

**DANIEL G. SUBER**
Daniel G. Suber & Associates
Valparaiso, Indiana

FILED
May 21 2013, 8:39 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

CHRISTINE and GEORGE EVAN, )
)
    Appellants, )
)
       vs. )    No.  64A04-1210-CT-563
)
TRUSTGARD INSURANCE COMPANY, )
d/b/a GRANGE INSURANCE, )
)
    Appellee. )

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Roger V. Bradford, Judge
Cause No. 64D01-1012-CT-13016

**May 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

George and Christine Evan, pro se, appeal the trial court's denial of their motion to compel discovery responses in their action against Trustgard Insurance Company, doing business as Grange Insurance ("Grange"). They raise one issue for our review, which we restate as whether the trial court abused its discretion in denying their motion to compel. Concluding, however, that their appeal is not of a final judgment, nor did they perfect an interlocutory appeal, we dismiss.

## Facts and Procedural History

The Evans' vehicle was insured by Grange when it was involved in an accident in September 2010. In 2011, the Evans filed a lawsuit against Grange alleging Count I, breach of contract; Count II, breach of verbal contract and attempted fraud and extortion; and Count III, bad faith for Grange's handling of their claim. On March 23, 2012, the Evans delivered interrogatories and requests for production to Grange. On April 2, 2012, Grange filed a motion to dismiss the breach of contract count of the Evans' complaint. On April 24, 2012, Grange delivered responses to the Evans' discovery requests. Dissatisfied with the responses, the Evans first sent correspondence directly to Grange to resolve the discovery dispute, and then ultimately filed a Motion to Compel in the trial court. After a hearing, the trial court entered the following order, dated August 10, 2012:

> The Court previously heard argument on [the Evans'] Motion to Compel and took the motion under advisement in order to review the Interrogatories, Request for Production, and responses thereto. The Court has had the opportunity to review those items and now finds that the responses made to Interrogatories 6, 11, and 12 are adequate and the objections made to all other Interrogatories are appropriate and are sustained. As to the Request

2

for Production, [Grange] responded to requests numbered 3, 17, 18, 19, 20, 21, 22, 27, 29, and 30 with appropriate responses, and all other requests were objected to. The objections to those other requests are sustained. Therefore, [the Evans'] Motion to Compel is denied.

> The Court further sets [Grange's] Motion to Dismiss Count I of [the Evans'] Complaint for hearing on August 27, 2012, at 2:00 p.m.

Appellants' Appendix at 138. The Evans filed a "Motion to Correct Error" on September 13, 2012, which the trial court denied on September 24, 2012. The Evans filed a Notice of Appeal on October 24, 2012.

## Discussion and Decision

This court has jurisdiction over appeals from final judgments and over appeals from interlocutory orders pursuant to the terms of Appellate Rule 14. See Ind. Appellate Rule 5(A), (B). A judgment is a final judgment if:

> (1) it disposes of all claims as to all parties;
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
> (3) it is deemed final under Trial Rule 60(C);
> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 . . . ; or
> (5) it is otherwise deemed final by law.

App. R. 2(H). Appellate Rule 14 provides that appeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal within thirty days of the order:

> (1)    For the payment of money;
> (2)    To compel the execution of any document;
> (3)    To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

3

(4)     For the sale or delivery of the possession of real property;

(5)     Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6)     Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7)     For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8)     Transferring or refusing to transfer a case under Trial Rule 75; and

(9)     Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

App. R. 14(A). "An appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal[,]" App. R. 14(B), or as provided by statute, App. R. 14(D).

The appealed order is clearly not a final judgment under any definition of Rule 2. It pertains only to discovery, disposing of no claims as to any parties on the merits, and expressly acknowledges that the case remains pending, setting a hearing on a motion to dismiss. See App. R. 2(H)(1). It is not deemed final by rule or express direction of the trial court. See App. R. 2(H)(2), (3). And although the Evans filed a pleading after the order was entered entitled "Motion to Correct Error," it would have more accurately been styled a motion to reconsider the trial court's order denying their motion to compel. "[M]otions to reconsider are properly made and ruled upon prior to the entry of final judgment." Hubbard v. Hubbard, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) (citing Ind. Trial Rule 53.4(A)). Motions to Correct Error are to be filed "not later than thirty (30) days after the entry of a final judgment . . . ," T.R. 59(C) (emphasis added), and again, the trial court's order denying the Evans' motion to compel discovery was not a final judgment. The Evans cannot convert an interlocutory order into a final judgment for purposes of invoking this court's jurisdiction

4

simply by filing a pleading entitled "Motion to Correct Error." Cf. Hubbard, 690 N.E.2d at 1221 (treating a pleading captioned "motion to reconsider" as a motion to correct error because it was filed after entry of a final judgment). Thus, the trial court's ruling on the Evans' "Motion to Correct Error" does not invoke Appellate Rule 2(H)(4).

The Evans are therefore appealing an interlocutory order. "An interlocutory order is one made before a final hearing on the merits and requires something to be done or observed but does not determine the entire controversy." Bacon v. Bacon, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007), trans. denied. The trial court's order is not one which would entitle the Evans to an interlocutory appeal as of right. See App. R. 14(A).[1] In order to pursue an appeal of the trial court's order, the Evans were required to seek certification of the order from the trial court, and assuming the order was certified, ask this court to accept jurisdiction of the appeal. See App. R. 14(B)(1), (2). "An appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court. The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal." Scroghan, 801 N.E.2d at 193 (internal citations omitted). The Evans did not perfect their discretionary interlocutory appeal of the trial court's order by seeking certification from the trial court or authorization from this court, and their appeal is, therefore, dismissed.

---

[1] The only provision that could arguably apply in this situation is subsection (3), an order compelling the delivery of documents, but in Allstate Ins. Co. v. Scroghan, 801 N.E.2d 191, 194 (Ind. Ct. App. 2004),

<u>Conclusion</u>

The Evans are not appealing a final judgment and did not properly perfect a discretionary interlocutory appeal. This court has no jurisdiction to entertain the appeal of the trial court's denial of their motion to compel, and the appeal is therefore dismissed.

Dismissed.

FRIEDLANDER, J., and CRONE, J., concur.

---

<u>trans. denied</u>, this court held that provision applied only to orders to <u>surrender</u> documents, not to discovery.