## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2020, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Nathan D. Hoggatt<br>Fort Wayne, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Robert J. Henke<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re the Adoption of: S.A.C., Minor Child<br><br>M.M.,<br>*Appellant*,<br><br>v.<br><br>Indiana Department of Child Services,<br>*Appellee*. | March 9, 2020<br><br>Court of Appeals Case No. 19A-AD-1923<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Charles F. Pratt, Judge<br><br>Trial Court Cause No. 02D08-1508-AD-101 |

**Brown, Judge.**

[1] M.M. appeals the Allen Superior Court's December 11, 2018 order. While he presents several issues for review, we find one issue dispositive, which is whether the trial court's order is an appealable order. We dismiss.

*Facts and Procedural History*

[2] On September 2, 2005, S.C. ("Child") was born to L.B. and T.M. ("Mother"), who married M.M. in July of the same year.[1] On August 17, 2015, M.M. filed a petition for adoption of Child under cause number 02D08-1508-AD-101 ("Cause No. 101").

[3] In June 2016, the Department of Child Services ("DCS") filed a petition for the termination of parental rights of Mother and L.B. under cause numbers 02D08-1510-JT-124 and -125, respectively. In September 2016, DCS filed a motion to intervene as a party in M.M.'s adoption, which the court granted in January 2017.

[4] On February 7, 2017, the court terminated the parental rights of Mother and L.B. in an order stating in part:

> THE COURT NOW FINDS AND CONCLUDES that:
>
> * * * * *
>
> 3. On November 18, 2014, this Court found probable cause to believe [Child] was a Child in Need of Services under Ind. Code

---

[1] M.M. and Mother divorced in May 2016, remarried in October 2017, and divorced again in June 2018.

31-34-1-1 [in cause number 02D08-1411-JC-551 ("Cause No. 551")] . . . .

* * * * *

5.  On December 11, 2014, an Additional Initial Hearing was held in which the child was continued in licensed foster care and a Fact Finding Trial was set.

6.  A Review hearing was held on February 12, 2015 and the Court ordered the child continued in licensed foster care.

7.  On February 24, 2015, a second Additional Initial Hearing was held in which [Mother], [M.M.] and [L.B.] made admissions to establish a factual basis for the Court to adjudicate the child a Child in Need of Services under Ind. Code 31-34-1-1 [in Cause No. 551].

Exhibits Volume I at 105-106. The court further ordered Child be made a ward of DCS "for all purposes including adoption" and that DCS provide the necessary supervision and services to insure Child's care and permanency under Cause No. 551. *Id.* at 115.

[5] In April 2017, Child's foster parents, J.C. and P.C. (together, "Foster Parents"), filed a petition for adoption under cause number 02D08-1704-AD-72 ("Cause No. 72"), which they later amended. On June 12, 2017, the court issued an order stating Cause Nos. 101 and 72 were consolidated.

[6] On August 24, 2018, the court held a hearing to determine whether the consent of DCS to M.M.'s petition for adoption was required. On September 20, 2018, M.M. filed a motion to supplement the record with newly discovered evidence. The court held a hearing on the motion before issuing on December 11, 2018,

its "Findings and Order Re: Motion to Supplement the Record and Findings and Order Regarding the Requirement of Consent By the Department of Child Services." The court denied the motion to supplement and found DCS "is acting in [Child's] best interest in withholding its consent" to M.M.'s adoption, the refusal to consent was not unreasonably withheld, and the consent of DCS to M.M.'s petition to adoption is necessary. Appellant's Appendix Volume II at 11, 14.

[7] On January 11, 2019, M.M. filed a Motion to Correct Error. The court held a hearing on the motion on June 18, 2019, during which M.M., Foster Parents, and DCS appeared by counsel. On July 24, 2019, the court issued an order denying the motion. M.M. filed a notice of appeal on August 16, 2019.

## *Discussion*

[8] The dispositive issue is whether the trial court's December 11, 2018 order is an appealable order. "The authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments." *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012) (quoting *Allstate Ins. Co. v. Fields*, 842 N.E.2d 804, 806 (Ind. 2006), *reh'g denied*). We have the duty to determine whether we have jurisdiction over an appeal before proceeding to determine the rights of the parties on the merits. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*. Pursuant to Ind. Appellate Rule 5, this Court has jurisdiction over appeals from final judgments of trial courts and only those interlocutory orders from trial courts that are brought in accordance with Ind. Appellate Rule 14.

[9] Ind. Appellate Rule 2(H) provides that a judgment is a final judgment if:

> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
>
> (3) it is deemed final under Trial Rule 60(C);
>
> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or
>
> (5) it is otherwise deemed final by law.

[10] The record reveals that the trial court terminated the parental rights of Mother and L.B. with regard to Child, which it made a ward of DCS "for all purposes including adoption," and ordered M.M.'s petition consolidated for trial purposes with Foster Parents' petition in June 2017. Appellant's Appendix Volume II at 41. M.M. appeals from the December 11, 2018 "Findings and Order Re: Motion to Supplement the Record and Findings and Order Regarding the Requirement of Consent By the Department of Child Services." Notice of Appeal, August 16, 2019. Though it found DCS's consent to M.M.'s adoption necessary and further that DCS had not unreasonably withheld its consent to that adoption, the court did not resolve fully the contested adoption of Child. Furthermore, although M.M. filed a motion on January 11, 2019, titled "Motion to Correct Error," that motion is more accurately characterized

as a motion to reconsider the trial court's December 11, 2018 order. *See Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) ("[M]otions to reconsider are properly made and ruled upon prior to the entry of final judgment" (citing Ind. Trial Rule 53.4(A)); Trial Rule 59(C) (providing that motions to correct error are to be filed "not later than thirty (30) days *after the entry of a final judgment*") (emphasis added)). Under the circumstances, the December 11, 2018 judgment was not a final judgment from the consolidated pending cases, and the court did not state there was no just reason for delay under Ind. Trial Rule 54.

[11] M.M. is therefore appealing from an interlocutory order. Parties are permitted to appeal "as a matter of right" certain interlocutory orders.[2] The court's order does not fall under any of these categories. Thus, M.M. was not entitled to

---

[2] Ind. Appellate Rule 14(A) provides:

Appeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal with the Clerk within thirty (30) days after the notation of the interlocutory order in the Chronological Case Summary:

(1)   For the payment of money;

(2)   To compel the execution of any document;

(3)   To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

(4)   For the sale or delivery of the possession of real property;

(5)   Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6)   Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7)   For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8)   Transferring or refusing to transfer a case under Trial Rule 75; and

(9)   Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

appeal the order as a matter of right. An appeal may be taken from other interlocutory orders if the trial court certifies its order and this Court accepts jurisdiction over the appeal, Ind. Appellate Rule 14(B), or if an interlocutory appeal is provided by statute. Ind. Appellate Rule 14(D). There is no indication that M.M. sought certification from the trial court or permission from this Court to file a discretionary interlocutory appeal, and he has not stated a statutory right to appeal.

[12] For the foregoing reasons, we dismiss M.M.'s appeal of the trial court's December 11, 2018 order.

[13] Dismissed.

Baker, J., and Riley, J., concur.