## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2020, 11:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kelly D. McGoffney
Terre Haute, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| The Estate of Carrie Etta Mills McGoffney, | December 21, 2020 |
| *Appellant* | Court of Appeals Case No. 20A-ES-1083 |
| | Appeal from the Vigo Superior Court |
| | The Honorable John T. Roach, Judge |
| | The Honorable Matthew C. Kincaid, Special Judge |
| | Trial Court Cause No. 84D01-1212-ES-10903 |

**Altice, Judge.**

**Case Summary**

[1] Kelly D. McGoffney, pro se, seeks to reopen the estate of her mother, Carrie Etta Mills McGoffney (Decedent), which has been closed since May 2018. The trial court correctly rejected McGoffney's attempted relitigation of issues already decided against her.

[2] We affirm.

## Facts & Procedural History

[3] This case has a long and complex history, much of which is not relevant here, so we will be short. Decedent died intestate on November 20, 2012, and McGoffney was appointed the personal representative for the estate shortly thereafter. Though insolvent, the estate remained open for some time due to pending wrongful death and medical malpractice actions being pursued by the estate.

[4] On the motion of certain intervenors and following a hearing, the trial court entered an order on March 1, 2018, requiring McGoffney to hire an attorney by April 15, 2018, to represent the estate. The court warned: "A failure to comply with this directive SHALL result in determination that Kelly McGoffney is unsuitable and she SHALL, without further hearing, be removed as personal representative, likely subjecting claims of the Estate to dismissal." *Appendix* at 47. McGoffney did not comply, and the trial court issued its May 23, 2018 order, which is at the heart of the instant appeal. This order provided in relevant part:

The Court now DETERMINES that Kelly McGoffney is an unsuitable fiduciary to pursue wrongful death claims or otherwise act further on behalf of the Estate of [Decedent].

It is therefore ORDERED that Kelly McGoffney is REMOVED as personal representative;

****

It is further ORDERED that, what limited property having already been administered and the sole purpose of the estate being to pursue wrongful death claims, the Estate of [Decedent] is CLOSED.

*Id*. at 48.

[5] On June 22, 2018, McGoffney, on behalf of the estate, filed a self-styled motion to reconsider, in which she argued that the trial court abused its discretion by closing the estate with several medical malpractice actions still pending. This motion, which was actually a motion to correct error,[1] was deemed denied by operation of law pursuant to Ind. Trial Rule 53.3(A) on August 6, 2018. McGoffney did not appeal.

[6] Instead, on September 10, 2018, McGoffney filed, by newly retained counsel, a petition to reopen the estate and reappoint her as personal representative. The

---

[1] Motions to reconsider are properly made and ruled upon prior to the entry of final judgment. *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998). "Accordingly, although substantially the same as a motion to reconsider, a motion requesting the court to revisit its final judgment must be considered a motion to correct error." *Id*.

trial court summarily denied the motion on September 28, 2018. Thereafter, on October 29, 2018, McGoffney, once again pro se, filed a motion to correct error in which she continued to argue that the trial court had improperly closed the estate and removed her as personal representative in May 2018. The trial court never ruled upon the October 2018 motion, which was deemed denied on December 13, 2018.

[7] On January 12, 2019, in Cause No. 19A-ES-150, McGoffney filed a notice of appeal, challenging the denial of her September 2018 petition to reopen the estate. Thereafter, Extendicare Holdings, Inc. (Extendicare), one of the appellees against whom the estate had filed a wrongful death action, filed a motion to dismiss the appeal. Extendicare argued that McGoffney lacked standing to bring the appeal and that, even if she had standing, the appeal was untimely because McGoffney, through her petition to reopen the estate, was in actuality trying to set aside the May 2018 order – which she did not appeal – by using a repetitive motion with a new title. In response to the motion to dismiss, McGoffney argued that she had standing as an heir and interested/aggrieved party in the probate proceedings and that the appeal was timely because her October 2018 motion was also an Ind. Trial Rule 60(B) motion for relief from judgment, not just a motion to correct error, with a lookback period that would encompass the May 2018 order.

[8] On March 22, 2019, this court issued an order granting Extendicare's motion and dismissing the appeal *with prejudice*. Thereafter, McGoffney filed with this court two motions to reconsider and one motion to remand, which were all

denied. On May 2, 2019, she filed a petition for transfer. In her transfer petition, McGoffney argued that the trial court's closing of the estate and refusal to reopen it left matters unresolved, such as a final accounting, disposition of substantial assets, and the inability to participate in a federal bankruptcy settlement and pending medical malpractice claims. Like she had before our court, McGoffney argued that she had standing to pursue the appeal in her individual capacity, that the appeal encompassed both the trial court's May 2018 order and its September 2018 order, and that her appeal was timely. The Supreme Court denied transfer on July 25, 2019.

On March 12, 2020, McGoffney filed in the trial court a pro-se Emergency Petition to Reopen the Estate and Recusal of Judge. In this petition McGoffney once again challenged the closing of the estate in May 2018. She asserted that the closure "wreaked havoc on the estate due to the Estate having open claims that were still pending and additional inventory that had been discovered." *Appendix* at 26. She also claimed that the trial court had violated her due process rights when it denied her request to reopen the estate in September 2018.

The trial court signed the following on March 19, 2020, which was entered on the record and sent to the parties on April 14, 2020:

ENTRY ON CLOSED ESTATE

Comes now Kelly D. McGoffney a removed former
personal representative of this closed estate and files her
"Emergency Petition to Reopen Estate and Recusal of Judge."

The same does not conform to the Indiana Trial Rules that require service of pleadings upon appearing parties and counsel of record. Further, the submission contains redundant requests for relief the Court has already ruled upon, the appeal of which was dismissed with prejudice by the Indiana Court of Appeals, and the sought transfer of which was denied by the Indiana Supreme Court. Accordingly, the Court now takes no further action on the submission except (1) to DIRECT that it be scanned into the record with notice so as to cure its ex parte character; and (2) to STRIKE the submission pursuant to Trial Rule 12(F).

*Id*. at 25. McGoffney now appeals.

## Discussion & Decision

[11]  McGoffney asserts three arguments on appeal. First, she contends that she has standing to appeal as an heir and person with an interest in the estate. Second, she claims that she was improperly removed as the personal representative of the estate in May 2018. Finally, she asserts that the trial court abused its discretion by denying her emergency petition to reopen the estate in light of the "statutorily-improper closing" of the estate in May 2018. *Appellant's Brief* at 6.

[12]  The following is illustrative of the repetitive nature of McGoffney's appeal:

> As a result of the trial court's Order of May 23, 2018 Order closing the Estate, and its September 28, 2018 Order denying the first petition to reopen, the ability heirs [sic] … to recover in the three pending medical malpractice survival actions is much hampered, if not foreclosed. Also foreclosed is the ability to participate in the bankruptcy court settlement of$1 [sic] Million dollars with the debtor, a defendant in one of the malpractice

> survival actions.  After appealing the denial of her first petition to reopen, which appeal was dismissed without reaching the merits, McGoffuey [sic] brought a second, emergency petition to reopen which was also denied.  She opposes on several grounds.

*Id*. at 12.  Further, this passage reveals McGoffney's misunderstanding that the prior appeal was dismissed with prejudice and that, therefore, she can no longer challenge the orders from May or September 2018.

[13]     The trial court properly rejected McGoffney's attempt to relitigate the issues foreclosed by her previous appeal, which was dismissed on the merits.  *See Fox v. Nichter Const. Co.*, 978 N.E.2d 1171, 1180 (Ind. Ct. App. 2012) (observing that a dismissal with prejudice is a dismissal on the merits), *trans. denied*.  Indeed, "[a] dismissal with prejudice is conclusive of the rights of the parties and is *res judicata* as to any questions which might have been litigated." *Id*.

[14]     More than two years ago, in May 2018, the trial court removed McGoffney as personal representative, finding her to be an unsuitable fiduciary, and closed the estate.  The trial court rejected her attempt to reopen the estate later that year.  McGoffney appealed and lost.  She cannot avoid the 2018 rulings by filing repetitive petitions to reopen the estate.

[15]     Affirmed.


Mathias, J. and Pyle, J., concur.