

**FILED**

Aug 25 2016, 8:30 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James M. Lewis
Michael J. Hays
Tuesley Hall Konopa LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE

Timothy J. Maher
Barnes & Thornburg
South Bend, Indiana

# I N   T H E
# COURT OF APPEALS OF INDIANA

In re the Scott David Hurwich 1986 Irrevocable Trust

Scott D. Hurwich,

*Appellant-Plaintiff,*

v.

Stacey R. MacDonald,

*Appellee-Defendant.*

August 25, 2016

Court of Appeals Case No.
71A03-1602-TR-301

Appeal from the St. Joseph Probate Court

The Honorable James N. Fox, Judge

Trial Court Cause No.
71J01-1410-TR-16

**Bradford, Judge.**

# Case Summary

[1]   Appellant-Plaintiff Scott Hurwich is the settlor and beneficiary of the Scott

David Hurwich 1986 Irrevocable Trust ("the Trust"). Appellee-Defendant

Stacey R. MacDonald served as trustee of the Trust until her removal at

Hurwich's request on November 28, 2012. Hurwich filed a complaint against MacDonald which alleged that MacDonald mismanaged Trust assets while acting as trustee. MacDonald filed a motion to dismiss Hurwich's complaint which the probate court granted. Hurwich filed a motion to reconsider which he later requested to be treated as a motion to correct error. Over the following six months, the probate court held two hearings on the motion to reconsider and the parties submitted several briefs in support of their positions. The probate court never made a ruling on the motion and Hurwich filed his appeal in February of 2016. On appeal, the parties dispute (1) whether Hurwich timely filed his notice of appeal, and (2) whether the probate court erred in granting MacDonald's motion to dismiss. We reverse the probate court's order dismissing Hurwich's claims.

## Facts and Procedural History

[2] Hurwich is the settlor and beneficiary of the Trust. MacDonald served as trustee of the Trust until November 28, 2012. On October 2, 2014, Hurwich filed a complaint against MacDonald alleging that she mismanaged Trust assets, comingled Trust assets with her own funds, converted Trust assets, committed waste of Trust property, and otherwise breached her fiduciary duties to Hurwich. On November 14, 2014, MacDonald filed a motion to dismiss Hurwich's complaint arguing that (1) Hurwich's claim was barred by the applicable statute of limitations, (2) the language of the Trust limited

MacDonald's liability as trustee, and (3) Hurwich's complaint lacked sufficient factual allegations.

[3] On June 12, 2015, the probate court issued an order dismissing Hurwich's claim with prejudice. Hurwich filed a motion to reconsider on June 22, 2015. On July 17, 2015, the probate court scheduled a hearing on Hurwich's motion to reconsider for July 27. At the hearing, MacDonald argued that the probate court no longer had jurisdiction to rule on Hurwich's motion to reconsider because the motion was automatically denied five days after it was filed pursuant to Indiana Trial Rule 53.4(B). Hurwich asked the probate court to treat his motion to reconsider as a motion to correct error. Following the hearing, the probate court issued an order indicating that it would take the matter under advisement and "allow[] [MacDonald] to file a motion regarding lack of jurisdiction [] within two (2) weeks, a response by [Hurwich] to be filed within two (2) weeks thereafter and [MacDonald] an additional one (1) week for final response." Appellant's App. p. 47.

[4] On August 11, 2015, MacDonald filed a brief arguing that the probate court lacked jurisdiction and objected to further action by the probate court on the motion to reconsider. On August 18, 2015, Hurwich filed a responsive brief arguing that the probate court had jurisdiction and in support of his motion to reconsider. After receiving an extension of time, MacDonald filed a reply brief on September 8, 2015. On October 7, 2015, a notice of hearing on all pending matters was set for November 6, 2015. At the hearing, ultimately held on December 14, 2015, the parties made arguments regarding (1) whether the

probate court had jurisdiction to address Hurwich's motion to reconsider and (2) the merits of Hurwich's motion. The probate court took the matter under advisement but took no further action. Hurwich filed his notice of appeal on February 9, 2016.

# Discussion and Decision

[5] The parties presented the following issues for our review: (1) whether Hurwich timely filed an appeal following the denial of his motion to reconsider, and (2) whether the probate court erred in granting MacDonald's motion to dismiss.[1]

# I. Whether Hurwich's Appeal was Timely

[6] MacDonald argues that Hurwich failed to timely appeal the denial of his motion to reconsider. Hurwich filed his motion to reconsider on June 22, 2015. MacDonald argues that Hurwich's motion was denied on June 27 under Indiana Trial Rule 53.4(B), which provides that a motion to reconsider is automatically denied if it is not ruled on within five days. The probate court took no action on the motion until July 17, 2015, when it set a hearing on the motion for July 27.

---

[1] In support of her motion to dismiss, MacDonald argued that Hurwich's claim was barred by the applicable statute of limitations. However, MacDonald has made no such argument on appeal. As such, she has waived the issue for our review. Appellate Rule 46(A)(8); *Burnett v. Cincinnati Ins. Co.*, 690 N.E.2d 747, 749 (Ind. Ct. App. 1998) ("Failure of a party to present a cogent argument in his or her brief is considered a waiver of that issue.").

Hurwich argues that his motion to reconsider was not automatically denied because it should have been treated as a motion to correct error. We agree. The probate court's June 12, 2015 order dismissing Hurwich's claim with prejudice was a final judgment. As such, the probate court no longer had the power to rule on a motion to reconsider. "Our review of the trial rules reveals that motions to reconsider are properly made and ruled upon prior to the entry of final judgment." *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) (citing Ind. Trial Rule 53.4(A)). In *Hubbard*, this court found that a party's motion to reconsider, filed after issuance of final judgment, should have been treated as a motion to correct error. "[A]lthough substantially the same as a motion to reconsider, a motion requesting the court to revisit its final judgment must be considered a motion to correct error. We decline to favor form over substance and, despite its caption, Mother's motion in the instant case should have been treated as a motion to correct error." *Id*. Because Hurwich's motion should be treated as a motion to correct error, it was not automatically denied five days after its filing.[2]

MacDonald argues that even if Hurwich's motion is treated as a motion to correct error, the probate court's inaction amounted to a denial of Hurwich's motion and Hurwich did not timely file his appeal. MacDonald contends that

---

[2] We will hereafter refer to Hurwich's motion to reconsider as the motion to correct error.

Hurwich's thirty-day window to appeal the denial of his motion to correct error expired on September 25, 2015. Indiana Trial Rule 53.3 provides as follows:

(A) **Time limitation for ruling on motion to correct error.** In the event a court fails…to rule on a Motion to Correct Error within thirty (30) days after it was heard…the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

(B) **Exceptions.** The time limitation for ruling on a motion to correct error established under Section (A) of this rule shall not apply where:

(1) The party has failed to serve the judge personally; or

(2) The parties who have appeared or their counsel stipulate or agree on record that the time limitation for ruling set forth under Section (A) shall not apply; or

(3) The time limitation for ruling has been extended by Section (D) of this rule.

(C) **Time of ruling.** For the purposes of Section (A) of this rule, a court is deemed to have set a motion for hearing on the date the setting is noted in the Chronological Case Summary, and to have ruled on the date the ruling is noted in the Chronological Case Summary.

(D) **Extension of time for ruling.** The Judge before whom a Motion to Correct Error is pending may extend the time limitation for ruling for a period of no more than thirty (30) days by filing an entry in the cause advising all parties of the extension. Such entry must be in writing, must be noted in the Chronological Case Summary before the expiration of the initial time period for ruling set forth under Section (A), and must be served on all parties. Additional extension of time may be granted only upon application to the Supreme Court as set forth in Trial Rule 53.1(D).

[9]     On July 27, 2015, the probate court held a hearing on Hurwich's motion to correct error. MacDonald argues that the deadline for the probate court to rule on the motion was August 26, thirty days after the July 27 hearing. The only ways this deadline could have been extended were if (1) the trial judge was not personally served, (2) the parties agreed to extend the deadline, or (3) the probate court *sua sponte* extended the time limit by a maximum of thirty days. T.R. 53.1.

[10]    On record at the July 27, 2015 hearing, and with the acquiescence of both parties, the probate court set specific time limits for the parties' submissions of briefs on the issue of jurisdiction.

> The Court: How much time do you think each party needs?...
>
> Counsel for MacDonald: Two weeks to get mine on file, then we just follow –
>
> Counsel for Hurwich: Two weeks to respond – that's fine.
>
> The Court: Okay, and then I'll give you, how about just another week after that final response, because you'll have the interim to continue to prepare…Is that good? Two weeks, two weeks, and then a week. Is that fair enough?
>
> Counsel for Hurwich: Yes.
>
> Counsel for MacDonald: Yes, Your Honor.

Tr. pp. 28-29. This is a valid time limitation exception under Rule 53.3(B)(2). *See Santelli v. Rahmatullah*, 993 N.E.2d 167, 172 (Ind. 2013) (Trial court's order granting motion to correct error granting a new trial was timely where, although the court issued the order forty days after a motion hearing was conducted, "[o]n the record, and with the acquiescence of both parties, the trial

court set a specific date for the parties' submissions of twenty-eight days after the hearing and stated its ruling would follow as soon as possible thereafter.").

[11] Following the hearing, the probate court issued an order indicating that it would take the matter under advisement and "allow [MacDonald] to file a motion regarding lack of jurisdiction [] within two (2) weeks, a response by [Hurwich] to be filed within two (2) weeks thereafter and [MacDonald] an additional one (1) week for final response." Appellant's App. p. 47. The parties filed their respective briefs according to these time limits with MacDonald's final response filed September 8, 2015. On October 7, the probate court set a hearing on all pending matters. The question then is whether the probate court's decision to set a subsequent hearing functioned as an additional extension of the deadline to rule on the motion to correct error.

[12] It could be argued that, at the latest, the deadline to rule on Hurwich's motion to correct error was October 8, 2015, thirty days after the final brief was filed by MacDonald, and that because the probate court did not rule on the motion prior to this date, it was automatically denied. However, the probate court's decision to hold a second hearing indicates that the motion to correct error was still being "heard" for purposes of Rule 53.3(A). Consequently, the motion cannot be automatically denied if it is still being heard. To find otherwise would lead to unfair and irrational results where (1) trial courts would be precluded from holding subsequent hearings where such are necessary to reach an accurate resolution, and (2) in cases such as this, parties like Hurwich would be denied their right to appeal through no fault of his own.

[13] The final hearing on Hurwich's motion to correct error was held on December 14, 2015, and the probate court took the matter under advisement. Because the probate court made no rulings on the motion and took no further action, Hurwich's motion was automatically denied thirty days later, on January 13, 2016. As such, Hurwich had until February 12, 2015 to file an appeal. Hurwich's appeal was timely filed on February 9.

## II. Whether Dismissal of Hurwich's Complaint was Appropriate

[14]    In reviewing a motion to dismiss granted pursuant to Trial Rule 12(B)(6), our standard of review is well settled. *Burke v. Town of Schererville*, 739 N.E.2d 1086, 1090 (Ind. Ct. App. 2000). A 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *Id.* Therefore, we view the complaint in the light most favorable to the non-moving party, drawing every reasonable inference in favor of that party. *Id.* at 1091. In reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id.* The trial court's grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id.*

*Godby v. Whitehead*, 837 N.E.2d 146, 149 (Ind. Ct. App. 2005).

## A. Whether the Trust Provision Precluding Actions Against the Trustee Justifies Dismissal

MacDonald briefly argues that dismissal was appropriate because the Trust "expressly precludes any judicial review of the Trustee's actions in her capacity as Trustee. It also exempts the Trustee from any liability for exercising her discretion as Trustee." Appellee's Br. p. 9. The Trust provides as follows:

> [T]he Trustee shall have (to the extent the power of election is not otherwise vested in a person other than the Trustee) the right, power and privilege to make elections….The actions of the Trustee in making any election shall be binding upon all beneficiaries and *the Trustee shall not be liable to anyone for exercising a right, power of privilege to elect*. The Trustee may make distributions and allocations without regard to the income tax basis of any property distributed or allocated to any beneficiary. No compensating adjustments between principal and income, nor with respect to any trust, need be made even though the actions of the Trustee may affect (beneficially or adversely) the interests of the beneficiaries. The actions of the Trustee in making distributions and allocations shall be binding upon all beneficiaries and *the Trustee shall not be liable to anyone for exercising the Trustee's discretion in this regard*.

Appellant's App. p. 17 (emphases added). While this language generally limits the trustee's liability when making certain discretionary decisions, it clearly does not give the trustee a free pass to convert, waste, or mismanage Trust assets, or otherwise breach its fiduciary duties. In other words, there is no scenario where stealing money from the Trust could be viewed as a valid discretionary decision. MacDonald's claim that the Trust "expressly precludes any judicial review of the Trustee's actions" is wholly inaccurate. Any notion

that the probate court could properly dismiss Hurwich's claim based on this Trust language is without merit.

## B. Whether Hurwich's Complaint Could be Dismissed for Lack of Factual Specificity

[16]    MacDonald argues that dismissal of Hurwich's complaint was justified because he failed to allege in his complaint, or since, any specific misdeed by MacDonald or any specific trust asset which has been detrimentally affected. Notice pleading under Indiana Trial Rule 8(A) merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, a plaintiff must only plead "the operative facts so as to place the defendant on notice as to the evidence to be presented at trial." *Noblesville Redev. Comm'n v. Noblesville Assocs. Ltd. P'ship*, 674 N.E.2d 558, 563 (Ind. 1996). "A complaint's allegations are sufficient if they put a reasonable person on notice as to why a plaintiff sues." *Shields v. Taylor*, 976 N.E.2d 1237, 1245 (Ind. Ct. App. 2012). "Under notice pleading, we review the granting of a motion to dismiss for failure to state a claim under a stringent standard, and affirm the trial court's grant of the motion only when it is 'apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.'" *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 135 (Ind. 2006) (quoting *McQueen v. Fayette Cnty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999)).

[17]    Hurwich's complaint reads as follows:

4. Until 2013, Stacey served as Trustee of the Trust.

5. The Trust was created under Indiana law and holds assets primarily located in St. Joseph County, Indiana.

6. During the period she served as Trustee, Stacey mismanaged Trust assets, co-mingled them with her own funds, converted Trust assets to her own use, committed waste to Trust property, and otherwise breached her fiduciary duties to Scott.

7. When Scott learned of Stacey's conduct regarding the Trust, he appointed a successor Trustee.

8. Stacey's conduct regarding the Trust has caused Scott damages.

Appellant's App. pp. 10-11. MacDonald claims that these are conclusory assertions without any specific factual support. However, specific factual support is not required under Rule 8(A). Furthermore, with claims such as those alleged here, factual specifics may be unavailable until discovery is made. Hurwich may be of the belief that there is some undetermined amount of money or other Trust assets missing or unaccounted for, but be unaware as of yet how those assets were specifically misappropriated by the trustee. As it is, the complaint contains the operative facts sufficient to put MacDonald on notice as to why Hurwich is suing.

[18] Even if we assume that Hurwich's complaint was properly dismissed for failure to offer a sufficient factual basis for his claim, the probate court should have dismissed his claim without prejudice and allowed him the opportunity to amend his complaint pursuant to Indiana Trial Rule 12. "When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this

rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion." T.R. 12(B). "'[A] T.R. 12(B)(6) dismissal is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule.'" *Baker v. Town of Middlebury*, 753 N.E.2d 67, 74 (Ind. Ct. App. 2001) (quoting *Platt v. State*, 664 N.E.2d 357, 361 (Ind. Ct. App. 1996), *trans. denied*.). Accordingly, even if a Rule 12(B)(6) dismissal was appropriate, the probate court erred by dismissing Hurwich's complaint with prejudice.

[19] The judgment of the probate court is reversed.

Pyle, J., and Altice, J., concur.