

FILED

May 30 2018, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James M. Lewis
Michael J. Hays
Tuesley Hall Konopa LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE

Timothy J. Maher
Barnes & Thornburg LLP
South Bend, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

In Re the Estate of James E. Hurwich,

Scott D. Hurwich,

*Appellant-Plaintiff,*

v.

Stacey R. MacDonald,

*Appellee-Defendant*

May 30, 2018

Court of Appeals Case No.
71A04-1705-EU-990

Appeal from the St. Joseph Probate Court

The Honorable Jeffrey L. Sanford, Special Judge

Probate Court Cause No.
71J01-0412-EU-56

**Baker, Judge.**

[1] James Hurwich was the father of Scott Hurwich ("Hurwich") and Stacey MacDonald. The Estate of James Hurwich ("the Estate") was opened in 2004 following his death. MacDonald administered the Estate until it closed in 2007. In 2013, Hurwich petitioned to reopen the Estate, which the probate court granted. In 2014, Hurwich filed a complaint against MacDonald, alleging that she had mismanaged the Estate's assets and breached her fiduciary duties. MacDonald filed a motion to dismiss Hurwich's complaint, which the probate court granted. Hurwich then filed a motion for leave to amend his complaint, which the probate court denied. Meanwhile, a successor personal representative administered the Estate, issued a final report, and requested closure of the Estate. The probate court then closed the Estate.

[2] Hurwich now appeals the probate court's denial of his motion for leave to amend his complaint and the procedure the probate court followed when closing the Estate. Finding no reversible error regarding Hurwich's motion but that the probate court failed to follow statutory procedure when closing the Estate, we affirm in part, reverse in part, and remand.

## Facts

[3] The Estate was opened in 2004. MacDonald was appointed administrator of the Estate, and she administered it unsupervised until it was closed in 2007. Apparently, MacDonald failed to distribute approximately 600 items and assets belonging to her father before the Estate was closed. On March 6, 2013, Hurwich petitioned to reopen the Estate; the probate court granted Hurwich's

petition. On June 18, 2013, the probate court appointed Paul Cholis as successor personal representative for the Estate. On October 3, 2014, Hurwich filed a complaint against MacDonald, under the Estate cause number EU-56, alleging that she had mismanaged the Estate's assets and breached her fiduciary duties. On November 14, 2014, MacDonald filed a motion to dismiss Hurwich's complaint under Indiana Trial Rule 12(B)(6), alleging that it had been untimely filed after the applicable statute of limitations had run. On June 12, 2015, the probate court granted MacDonald's motion and dismissed Hurwich's complaint with prejudice.

[4] On June 22, 2015, Hurwich filed a motion to reconsider. On July 27, 2015, a hearing on the motion to reconsider took place, and the probate court took the issue under advisement. Then, on February 9, 2016, while the motion to reconsider was still pending, Hurwich filed a motion for leave to amend his complaint. In his proposed amended complaint, he alleged that MacDonald had committed fraud when, in closing the Estate, she represented that she had fully administered the Estate and properly distributed all assets; he also alleged that she had taken personal property from the Estate for her own use.

[5] On May 6, 2016, Cholis filed a petition for instructions for "recovery of assets formerly owned by the decedent or in his possession at the time of his death." Appellant's App. Vol. II p. 42. In this petition, Cholis:

- Stated that MacDonald testified at her deposition that she had received gifts, including paintings, necklaces, diamond rings, and liquor bottles, from her father within five years of his death.

- Stated that MacDonald "testified that she, as the former Personal Representative of the estate, did distribute to herself certain items of tangible personal property which [Cholis] believe[d] constituted partial distributions to her and which should be taken into account by charging her with the value of such items so distributed upon the final distribution of the remaining tangible personal property; . . ." *Id.* at 43.
- Stated that there were "numerous items of tangible personal property" located at the decedent's former residence that Cholis "believe[d] can and should be distributed among the three residuary beneficiaries of the estate" through an in-kind selection process and a public auction. *Id.*
- Requested the probate court to direct him to not attempt to recover items of tangible personal property that MacDonald identified as gifts that she received from her father before his death. Cholis cited to time limits in the probate code for proceedings against personal representatives and to case law in which a petition to re-open an estate was time-barred.

[6] On June 24, 2016, Hurwich filed a response to Cholis's petition in which Hurwich stated that the parties wanted instruction from the probate court about how to determine whether the items that MacDonald testified were gifts were actually gifts from their father or whether they were self-distributed items. Hurwich requested, among other things, that Cholis identify and catalog each of the individual items in question. Hurwich also argued that the issue was not time-barred.

[7] A hearing took place on July 27, 2016. On July 29, 2016, the probate court denied Hurwich's motion for leave to amend his complaint, finding that Hurwich was not entitled to amend a complaint that had been properly dismissed pursuant to the statute of limitations for relief against fraud. The probate court also found that Hurwich's complaint was not a valid cause of action because Hurwich filed it as part of the estate administration, rather than

a separate cause of action, and therefore failed to pay a filing fee or have a summons issued. The probate court ordered for Hurwich and another beneficiary to have access to the decedent's home for an in-kind selection process of the 600 items located there and for all assets not selected to be sold at a public auction. Lastly, the probate court ordered that Hurwich's claim against MacDonald about gifts received before their father's death was time-barred under the statute of limitations.

[8] Throughout the fall of 2016, Cholis distributed the Estate's assets as ordered by the probate court. On March 10, 2017, Cholis filed a Supplemental Report of Distribution ("the Report") in which he summarized the distribution of the Estate's assets; listed the value of the assets that Hurwich, MacDonald, and another beneficiary received; requested that he be discharged as personal representative; and requested that the court order the Estate closed. That same day, the probate court approved the report and entered an order closing the Estate. On March 20, 2017, Cholis served a copy of the Report and the probate court's signed order to Hurwich and other interested parties. On March 30, 2017, Hurwich filed a motion to correct error, asking the probate court to vacate its order approving the Report because there was neither service nor an opportunity to object to the Report. On April 10, 2017, the probate court denied his motion. Hurwich now appeals.

# Discussion and Decision

## I. Motion for Leave to Amend Complaint

[9]      Hurwich first argues that the probate court erred by denying his motion for leave to amend his complaint because he has a "right" to re-plead his claim pursuant to Trial Rule 12(B). Appellant's Br. p. 11. The probate court denied Hurwich's motion for leave to amend his complaint, finding that Hurwich's claim of fraud in his proposed complaint was barred by the six-year statute of limitations for relief against fraud and that his complaint was not a valid cause of action. Hurwich argues that he has a right to amend under Indiana Trial Rule 12(B), that the probate court failed to consider his proposed allegation of fraudulent concealment that could toll the statute of limitations, and that the probate court misconstrued the nature of his complaint. MacDonald argues that Hurwich's action was time-barred under the probate code and that Hurwich did not file a valid action. Although we reach the same outcome as the probate court, we disagree with the probate court's and the parties' analysis.

[10]     Indiana Trial Rule 12(B)(6) allows a party to move to dismiss a pleading for failure to state a claim upon which relief can be granted. Trial Rule 12(B) also provides that when a court dismisses a pleading under Rule 12(B)(6), "the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule." Under Trial Rule 15(A), "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may

amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires." To facilitate decisions on the merits, "the Indiana Trial Rules generally implement a policy of liberal amendment of pleadings, absent prejudice to an opponent." *Kimberlin v. DeLong*, 637 N.E.2d 121, 128 (Ind. 1994). The probate court has broad discretion in granting or denying amendments to the pleadings, and we will reverse only if the probate court's decision is clearly against the logic and effect of the facts and circumstances before it or the reasonable deductions to be drawn therefrom. *Kuehl v. Hoyle*, 746 N.E.2d 104, 107 (Ind. Ct. App. 2001).

[11] According to Hurwich, Trial Rule 12(B) gives him the right to amend his complaint. However, Hurwich ignores the part of the rule that limits when a pleading may be amended as of right—it must be done within ten days after service of notice of the court's order granting the motion to dismiss. Hurwich filed his motion for leave to amend his complaint on February 9, 2016, nearly eight months after the probate court granted MacDonald's motion to dismiss. Accordingly, when Hurwich filed his motion for leave to amend his complaint, he had no automatic right to do so. And although a court may, under Rules 12(B) and 15(A), allow a party to amend a pleading after those ten days have passed, the court is required to do so only "when justice so requires." T.R. 15(A). Hurwich did not argue that justice required an amendment, and we decline to make the argument for him. The probate court did not err by denying his motion for leave to amend his complaint.

Hurwich also challenges the probate court's decision to dismiss his motion with prejudice, arguing that a Trial Rule 12(B)(6) dismissal should be without prejudice. Hurwich is correct that a dismissal under this rule "is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule." *In re Scott David Hurwich 1986 Irrevocable Tr.*, 59 N.E.3d 977, 984 (Ind. Ct. App. 2016) (citations and internal quotation marks omitted). Thus, the probate court erred by dismissing his complaint with prejudice. But a dismissal with prejudice is a final judgment, *id.* at 980, and the time to appeal a final judgment is within thirty days after its entry is noted in the Chronological Case Summary. Ind. Appellate Rule 9(A)(1). The probate court dismissed Hurwich's complaint with prejudice on June 12, 2015. Hurwich did not appeal that decision until he filed his notice of appeal on May 9, 2017, nearly two years after the dismissal of his complaint. His challenge to the probate court's decision is untimely and unavailing.

## II. The Report

Hurwich next argues that the probate court erred by denying him his statutory right to object to the Report. Our primary goal in statutory construction is to ascertain and give effect to the intent of the legislature. *Meyer v. Beta Tau House Corp.*, 31 N.E.3d 501, 513 (Ind. Ct. App. 2015). We apply a de novo standard of review to questions of statutory interpretation. *Id.*

Indiana's Probate Code provides that when an estate is ready to be closed, the personal representative must "render a final account and at the same time

petition the court to decree the final distribution of the estate."  Ind. Code § 29-1-17-2(a) (2007).  "Upon the filing of *any* account in a decedent's estate, hearing and notice thereof *shall* be had as set forth in this section."  I.C. § 29-1-16-6(a) (emphases added).  The statute explains that

> If the account is for final settlement the court or clerk *shall* set a date by which all objections to such final account and petition for distribution must be filed in writing and the clerk *shall* give notice to all persons entitled to share in the final distribution of said estate that a final report has been filed and will be acted upon by the court on the date set unless written objections are presented to the court on or before that date.  The personal representative *shall* at the time said account is filed furnish to the clerk the names and addresses of all persons entitled to share in the distribution of the residue of said estate, whose names and addresses are known to the personal representative or may by reasonable diligence be ascertained as set forth in the personal representative's petition for distribution, together with sufficient copies of said notice prepared for mailing.  The clerk *shall* send a copy of said notice by ordinary mail to each of said parties at least fourteen (14) days prior to such date. . . .

I.C. § 29-1-16-6(b) (emphases added).

[15]   Hurwich argues that the probate court erred by denying him an opportunity to object to the Report.  The probate code explicitly mandates notice following the filing of any account.  It requires that, following the filing of an account for final settlement, the personal representative give to the clerk the names and addresses of those entitled to share in the distribution of the estate and copies of notice prepared for mailing.  It also requires that, when an account for final settlement is filed, the court or the clerk set a timeframe for objections and give notice to

those entitled to share in the distribution of the estate that a final report has been filed and that the court will act upon it on a certain date unless the court receives written objections within the stated timeframe. Here, it is undisputed that Hurwich is entitled to share in the distribution of the Estate, that Cholis knew Hurwich's name to furnish to the clerk for notice, and that Cholis did not fulfill his duties to ensure that notice was given regarding the Report. It is also undisputed that neither the probate court nor the clerk set a timeframe for objections or gave notice about the Report or the timeframe for objections. In other words, the probate court failed to follow proper statutory procedure when closing the Estate.

[16] MacDonald suggests that this error was harmless and not prejudicial because Hurwich had an opportunity to be heard before and during the July 27, 2016, hearing. It is true that Hurwich filed a written objection to Cholis's petition for instructions before that hearing. But whether Hurwich objected to those instructions has no bearing on and is irrelevant to whether he had an opportunity to object to the Report, which was filed more than seven months later, on March 10, 2017. The probate code explicitly requires notice and an opportunity for objections to accounts for final settlements. Among other things, the Report leaves questions about how the assets that MacDonald distributed to herself were administered.[1] Hurwich had a statutory right to

---

[1] Cholis filed a petition for instructions on May 6, 2016. In this petition, he stated that MacDonald "testified that she, as the former Personal Representative of the estate, did distribute to herself certain items of tangible

receive notice of the filing of the Report and an opportunity to object to it, and he was denied this right. As it is apparent that he had reason to object, we find that he was harmed by the probate court's failure to follow the procedure described in the probate code.

[17] We reverse the closure of the Estate and remand for further proceedings giving Hurwich the opportunity to object to the Report.

[18] The judgment of the probate court is affirmed in part, reversed in part, and remanded for further proceedings.

Kirsch, J., and Bradford, J., concur.

---

personal property which the [successor personal representative] believes constituted partial distributions to her and which should be taken into account by charging her with the value of such items so distributed upon the final distribution of the remaining tangible personal property; . . ." Appellant's App. Vol. II p. 43. In other words, Cholis concluded that MacDonald had improperly distributed certain assets from the Estate and intended to take that distribution into account during the administration of the Estate. However, it is unclear from the Report whether MacDonald's partial distributions to herself were, in fact, accounted for.